**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL VAN DORP,** *individually and on behalf of all others similarly situated*,<br><br>　　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**INDIVIOR PLC.,** *et al*.,<br><br>　　　　　　**Defendants.** | Civil Action No. 19-10792 (ES) (MAH)<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

　　　　Before the Court is Michael Van Dorp's ("Movant") unopposed motion to be appointed as lead plaintiff and to appoint his attorneys, The Rosen Law Firm, P.A. ("Rosen"), as lead counsel in this matter. (D.E. No. 5). The Court decides this motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Having reviewed Movant's motion, as well as the balance of the docket for this matter, and for good cause shown; and it appearing that

　　　　1.　　On April 23, 2019, Movant filed this putative securities class action against Indivior PLC, Shaun Thaxter, Mark Crossley, and Cary J. Claiborne (collectively "Defendants"), alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* (the "Exchange Act"), and associated regulations. (D.E. No. 1).

　　　　2.　　Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the plaintiff must "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class" of both the pendency of the action and each member's right to file a motion, within 60 days of the notice, seeking appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).

3. On April 23, 2019, Movant's counsel, Rosen, issued the required notice to potential class members. (*See* D.E. No. 5-4).

4. The PSLRA provides, *inter alia*, that the most adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to the PSLRA notice, has the largest financial interest in the relief sought by the Class, and satisfies the pertinent requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

5. The 60-day deadline has passed and no other putative class member has timely filed a motion seeking to be appointed as lead plaintiff or has opposed Movant's motion.

6. The Court finds that Movant initiated this action and, based on the instant record, has the largest financial interest in this action, having allegedly lost $57,765.93 in net funds.

7. When determining whether a movant "otherwise satisfies the requirements of Rule 23," in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), the "inquiry focuses on [Rule 23's] 'typicality' and 'adequacy' requirements at this stage of the litigation, and only a preliminary showing of both typicality and adequacy is necessary." *Sklar v. Amarin Corp. PLC*, No. 13-6663, 2014 WL 3748248, at *6 (D.N.J. July 29, 2014) (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir. 2001)).

8. "To meet the 'typicality' requirement, a plaintiff's claims must arise from the same conduct from which the other class members' claims and injuries arise." *Id.* Here, the record reflects that Movant's claims share substantially similar questions of law and fact with the claims of the putative class members. Movant, like all putative class members, alleges that Defendants violated the Exchange Act by failing to disclose material facts about Indivior PLC.'s business and financial condition. (*See* D.E. No. 1 ¶¶ 17–37). Movant, as all putative class members, was injured

by buying Indivior securities at prices allegedly artificially inflated by Defendants' misstatements and omissions.  (*See, e.g.*, *id.* ¶¶ 1, 48 & 50; D.E. No. 5-5).  Therefore, Movant has made a prima facie showing of typicality.  *See, e.g.*, *Sklar*, 2014 WL 3748248, at *6.

9. "[T]he 'adequacy' requirement is satisfied when there is no conflict between the proposed lead plaintiff and members of the class, and the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Sklar*, 2014 WL 3748248, at *6.  Here, based on the instant record Movant has a sufficient financial interest in the outcome of this case, since Movant initiated this action and on the current record, has the largest financial interest in this action.  Moreover, Movant retained competent counsel to represent him, and nothing in the record suggests that there is any conflict between Movant's claims and those of the other members of the putative class.  Therefore, the Court finds that Movant made a prima facie showing of adequacy.  *See, e.g.*, *id.*

10. As the Movant has satisfied each requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court must presume that he is the "most adequate plaintiff."  (*See id.*).

11. No party has made any arguments aimed at rebutting that presumption in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), or provided evidence in support of such arguments.  Therefore, the Court finds that Movant is the "most adequate" putative class member to serve as lead plaintiff in this matter.

12. Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  In determining whether to approve the lead plaintiff's choice, "[t]he court must make 'an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class."  *Takata v. Riot Blockchain, Inc.*, No. 18-2293, 2018 WL 5801379, at

\*6 (D.N.J. Nov. 6, 2018) (quoting *In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999)); *see also Patel v. Zoompass Holdings Inc.*, No. 17-3831, 2017 WL 4179814, at \*2 (D.N.J. Sept. 20, 2017) ("The Court should not disturb the plaintiff's choice unless the Court finds it necessary to protect the interests of the class.").

13. The Court has reviewed Rosen's resume (D.E. No. 5-7), and the Court finds that Rosen has extensive experience in class action litigation, including securities litigation. Rosen has a successful practice in that area, having been appointed as lead counsel in securities class actions in numerous cases through the nation. (*See id.* at 9–47; D.E. No. 5-2 at 8).

Accordingly, IT IS one this 30th day of July 2019,

**ORDERED** that Movant's motion (D.E. No. 5) is GRANTED; and it is further

**ORDERED** that Movant is APPOINTED as lead plaintiff in this matter; and it is further

**ORDERED** that the Court APPROVES Movant's choice of counsel and appoints Rosen as lead counsel for this matter; and it is further

**ORDERED** that Rosen shall manage the prosecution of this litigation, avoid duplicative or unproductive activities, and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of the lead plaintiff and the class; and it is further

**ORDERED** that the Clerk TERMINATE Docket Entry Number 5.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**