**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL VAN DORP, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INDIVIOR PLC, SHAUN THAXTER, MARK CROSSLEY, and CARY J. CLAIBORNE,<br><br>Defendants. | Case No: 2:19-CV-10792-ES-MAH<br><br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** |

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................................ 2

II.  DOCUMENTS SUBJECT TO THIS REQUEST ............................................. 5

III. ARGUMENT........................................................................................ 10

   A.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE PLEA DOCUMENTS .... 10

   B.  THE PLEA DOCUMENTS CONFIRM PLAINTIFF'S ALLEGATIONS AND
       UNDERMINE DEFENDANTS' MOTION TO DISMISS........................................... 12

IV. CONCLUSION...................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bell v. Salas*,
    2020 WL 605039 (D.N.J. Feb. 6, 2020)............................................................ 10

*Bolick v. Pennsylvania*,
    473 F. App'x 136 (3d Cir. 2012) ...................................................................... 10

*In re Braskem S.A. Sec. Litig.*,
    246 F. Supp. 3d 731 (S.D.N.Y. 2017)............................................................... 12

*Kaplan v. Holder*,
    No. CV 14-0830 (CCC), 2017 WL 465853 (D.N.J. Feb. 2, 2017) .................... 11

*Orabi v. Attorney Gen. of the U.S.*,
    738 F.3d 535 (3d Cir. 2014).............................................................................. 10

*Osio v. DeMane*,
    No. CIV.A 05-2283(JLL), 2006 WL 2129460 (D.N.J. June 20, 2006) .............. 11

*S.E.C. v. Aragon Capital Advisors, LLC*,
    No. 07 CV 919 (FM), 2011 WL 3278907 (S.D.N.Y. July 26, 2011) ................. 11

*Sec. & Exch. Comm'n v. Faulkner*,
    2019 WL 1040679 (N.D. Tex. Mar. 5, 2019) .................................................... 11

*West v. Ortiz*,
    No. CV 16-8701 (RMB), 2018 WL 2165324 (D.N.J. May 10, 2018)................ 10

*Wheeler v. Wheeler*,
    639 F. App'x 147 (3d Cir. 2016) ...................................................................... 10

*Willekes v. Serengeti Trading Co.*,
    2016 WL 5334522 (D.N.J. Sept. 22, 2016) ...................................................... 10

## Statutes

15 U.S.C. § 53(b)............................................................................................... 6

18 U.S.C. §§ 1035 ................................................................................... 4, 9

21 U.S.C. §§ 331(a) ............................................................................ 4, 10, 11

21 U.S.C. §§ 333(a)(1) ....................................................................... 4, 10, 11

21 U.S.C. §§ 352(a) ............................................................................... 10, 11

42 U.S.C. §§ 1320a-7(a)(l) ......................................................................... 9

**Rules**

Fed. R. Evid. 201(b) ................................................................................. 13

Lead Plaintiff Michael Van Dorp ("Plaintiff"), by and through counsel, respectfully requests that the Court take judicial notice of the following documents attached hereto as materials of public record in further support of Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint ("Opposition") (Dkt. No. 24): Exhibit 1 from the criminal docket *USA v. Indivior Inc. et al*, No. 1:19-CR-000016 (W.D. Va.) (the "Resolution Agreement"); Exhibits 2, 3, and 4 from the criminal docket *USA v. Indivior Solutions, Inc.*, No. 1:20-CR-00027 (W.D. Va.); Exhibits 5, 6, and 7 from the criminal docket *USA v. Thaxter*, No. 1:20-CR-00024 (W.D. Va.); and Exhibits 8, 9, and 10 from the criminal docket *USA v. Baxter*, No. 1:20-CR-00032 (W.D. Va.) (collectively, the "Plea Documents").

These materials relate to Indivior's agreement to resolve several criminal and civil claims against the Company; Indivior's wholly-owned subsidiary's guilty plea to the felony charge of willfully making materially false statements in connection with the delivery of and payment for health care benefits, items, and services in violation of 18 U.S.C. §§ 1035; Defendant Shaun Thaxter's guilty plea to the charge of causing the introduction of a misbranded drug into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(1); and Timothy Baxter's guilty plea to the charge of causing the introduction of a misbranded drug into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(1).

## I.   INTRODUCTION

The Plea Documents provide substantial support for the allegations in the Amended Complaint and undermine certain of the arguments in Defendants' Motion to Dismiss the Amended Complaint. The Amended Complaint centers on allegations that Defendants' knowingly or recklessly made false and misleading statements about the safety of Indivior's opioid products for children, the Company's illegal marketing and sales of its opioid products, and the Company's liability for its criminal activities. In the Plea Documents, Defendant Indivior, Defendant Shaun Thaxter, and former Indivior executive Timothy Baxter admit that these allegations are true.

On April 9, 2019, a federal grand jury indicted Indivior on one count of conspiracy to commit mail, wire, and health care fraud; one count of health care fraud; four counts of mail fraud, and twenty-two counts of wire fraud for allegedly engaging in an illicit nationwide scheme to increase prescriptions of Suboxone.[1] The Virginia federal court denied Indivior's first motion to dismiss the Indictment on November 14, 2019 and denied Indivior's second motion to dismiss on March 31, 2020. *See* Opposition at 21.

---

[1] The indictment is attached as Exhibit 1 to the Amended Complaint (Dkt. No. 18). The superseding indictment of Indivior—asserting virtually identical factual allegations and criminal counts—is attached as Exhibit 2 to the Amended Complaint.

On July 24, the DOJ announced that Indivior and its subsidiary agreed to pay $600 million to resolve criminal and civil liability associated with its marketing of Suboxone. The Resolution Agreement includes (i) a criminal fine, forfeiture, and restitution totaling $289 million to resolve the Indictment; (ii) a civil settlement of $300 million to resolve claims by the federal government, certain states, and six federal lawsuits brought against Indivior under the *qui tam* provisions of the False Claims Act; (iii) a corporate integrity agreement that requires Indivior to implement numerous accountability and auditing provisions, certify compliance, and conduct annual risk assessments and other monitoring; and (iv) a $10 million settlement with the Federal Trade Commission to resolve claims that Indivior engaged in unfair methods of competition in violation of the Federal Trade Commission Act, 15 U.S.C. § 53(b).

As part of the Resolution Agreement, Indivior Solutions—a wholly-owned subsidiary that employed marketing and sales personnel for Indivior—pleaded guilty to a one-count felony criminal information (the "Indivior Information") for making false statements to Massachusetts state Medicaid program officials about the pediatric safety of Suboxone Film. Both Indivior and Indivior Solutions admitted that that the facts alleged in the Indivior Information are true.

Previously, on June 30, 2020, Defendant Shaun Thaxter pleaded guilty in a Virginia federal court to a one-count information charging him with causing the

3

introduction into interstate commerce of the misbranded opioid drug Suboxone Film in violation of the Federal Food, Drug, and Cosmetic Act. Thaxter was charged in connection with Indivior's misrepresentations to MassHealth regarding the pediatric safety of Suboxone Film. As part of his guilty plea, Thaxter admitted that "all of the facts" set forth in the Thaxter Information are true and correct. Indivior announced Thaxter's resignation as Chief Executive Officer and Director on June 29, 2020, one day before his plea agreement became public. Prior to his resignation, Thaxter had served as Indivior's CEO and on Indivior's board of directors since the company demerged from Reckitt Benckiser in 2014.

On August 31, 2020, Timothy Baxter pleaded guilty to a one-count information charging him with the same misdemeanor to which Thaxter pleaded guilty. Baxter was Indivior's global medical director and served as Indivior's top medical executive from 2000 until May 2016. Baxter also served on Indivior's Executive Committee with Defendants Thaxter, Claiborne, and Crossley. As part of his guilty plea, Baxter admitted that all of the facts alleged in the Baxter Information are true.

The Court should take judicial notice of the Plea Documents because they are public records that were not yet available at the time of the Amended Complaint or the Opposition. Further, the Plea Documents are relevant to this Court's

4

determination of Defendants'[2] pending Motion to Dismiss the Amended Complaint (Dkt. No. 20).[3] The Plea Documents, the Amended Complaint, the Motion, and the criminal indictment against Indivior all concern Defendants' false and misleading statements about the relative risk of Indivior's opioid products in furtherance of Indivior's illegal efforts to promote Suboxone Film. The Court may properly consider these facts in assessing the sufficiency of the Amended Complaint.

Defendants do not consent to this request and intend to oppose it.

## II.   DOCUMENTS SUBJECT TO THIS REQUEST

Exhibit 1 is a true and correct copy of the Resolution Agreement between Indivior and the DOJ filed with the Virginia federal court on July 24, 2020. The Resolution Agreement states that Indivior (i) agreed to pay or guarantee $600 million in payments, plus interest, to resolve the criminal charges civil claims against Indivior (Ex. 1 ¶ 6); (ii) agreed to disband its United States Suboxone sales force and to not reinstate it (*id*. ¶ 14); and (iii) stipulated that "the facts and allegations set forth in the Information to which Indivior Solutions is pleading guilty are true and correct"

---

[2] Defendants in this action are Indivior PLC, Shaun Thaxter, Mark Crossley, and Cary J. Claiborne.

[3] Plaintiff cites to the Amended Complaint (Dkt. No. 18) as "¶__" and to Defendants' Motion to Dismiss the Amended Class Action Complaint as "Motion."

and that the DOJ "had probable cause to bring all the counts in the Indictment and Superseding Indictment." (*id*. ¶ 18).

Addendum A to the Resolution Agreement states that Indivior will (i) establish and maintain compliance policies and procedures to prevent, detect, and correct legal violations relating to the marketing, promotion, and sale of Indivior's products, including identifying and delisting doctors who illicitly prescribe Indivior's opiate products (Addendum A to Ex. 1 § 1.A) ; (ii) change the compensation structure for Indivior's sales representatives and their supervisors so that they are no longer financial motivated to engage in or tolerate inappropriate marketing and promotion of Indivior's products (*id*. § 1.B); and (iii) provide quarterly and annual compliance certifications to the DOJ (*id*. § 2).

Exhibit 2 is a true and correct copy of the criminal Information against Indivior Solutions filed with the Virginia federal court on July 24, 2020. The Information charged Indivior Solutions with willfully making materially false statements to MassHealth in connection with the delivery of, and payment for, health care benefits, items, and services, all in violation of Title 18, United States Code, Section 1035. Ex. 2 ¶¶ 1, 28.

Exhibit 3 is a true and correct copy of the plea agreement between Indivior Solutions and the DOJ filed with the Virginia federal court on July 24, 2020 (the "Indivior Plea"). The Indivior Plea states that Indivior Solutions (i) agreed to plead

6

guilty to the charge against it (Ex. 3 ¶ 1); (ii) agreed "the facts and allegations set forth m the Information to which it is pleading guilty are true and correct" (*id.*); (iii) agreed to be excluded from participating in Federal health care programs, pursuant to 42 U.S.C. §§ 1320a-7(a)(l) (*id.* ¶ 14); and (iv) agreed to fully cooperate with all DOJ investigations and prosecutions concerning the sale, promotion, or marketing of Indivior's Suboxone or Subutex products in the United States (*id.* ¶ 12).

Exhibit 4 is a true and correct copy of the minutes of Indivior Solutions' Initial Appearance and Guilty Plea Hearing For Criminal Information before the Honorable James P. Jones on July 24, 2020. These Minutes state that Judge Jones accepted Indivior Solutions' guilty plea and deferred acceptance of the plea agreement until a presentence report is prepared.

Exhibit 5 is a true and correct copy of the criminal Information against Shaun Thaxter filed with the Virginia federal court on June 30, 2020. The Information charged Thaxter with one count of the Introduction of Misbranded Drugs in Interstate Commerce in violation of 21 U.S.C. §§ 331(a), 333(a)(1), and 352(a). Ex. 5 ¶ 33. The Information states that in 2012, under Thaxter's direction, Indivior misled the Massachusetts Medicaid program about the relative pediatric safety of Suboxone Film to induce the program to cover Suboxone Film for families with young children. *Id.* ¶¶ 19-32. Indivior failed to correct its false statements to the program until December 2015—more than three years after the misleading

7

statements were made and two years after the government's investigation of Indivior began. *Id.* ¶ 31.

Exhibit 6 is a true and correct copy of the Plea Agreement signed by Shaun Thaxter on June 29, 2020 and filed with the Virginia federal court on June 30, 2020. The Plea Agreement states that Thaxter (i) agreed to plead guilty to the charge against him (Ex. 6 § A.1); (ii) agreed "that all of the facts set forth in the Information are true and correct and provide the Court with a sufficient factual basis to support" his plea (*id.*); (iii) agreed to be sentenced to a period of incarceration ranging from 0 to 12 months, a $500,000 forfeiture, and a $100,000 fine (*id.* § B.1); (iv) agreed that he may be excluded from participation in Medicare, Medicaid, and other federal health programs and that such exclusion would apply to anyone who employs or contracts with him (*id.* § D.6); and (v) agreed to testify on behalf of the government concerning the sale, promotion, or marketing of Indivior's Suboxone or Subutex products in the United States (*id.* § D.10).

Exhibit 7 is a true and correct copy of the minutes of Shaun Thaxter's Initial Appearance and Guilty Plea Hearing For Criminal Information before the Honorable James P. Jones on June 30, 2020. The Minutes state that Judge Jones accepted Thaxter's guilty plea and found Thaxter guilty of the criminal charge against him.

Exhibit 8 is a true and correct copy of the criminal Information against Timothy Baxter filed with the Virginia federal court on August 31, 2020. The

Information charged Baxter with one count of the Introduction of Misbranded Drugs in Interstate Commerce in violation of 21 U.S.C. §§ 331(a), 333(a)(1), and 352(a). Ex. 8 ¶ 33.The Information states that in 2012, under Baxter's direction, Indivior misled the Massachusetts Medicaid program about the relative pediatric safety of Suboxone Film to induce the program to cover Suboxone Film for families with young children. *Id*. ¶¶ 19-30.

Exhibit 9 is a true and correct copy of the Plea Agreement signed by Timothy Baxter on August 28, 2020 and filed with the Virginia federal court on August 31, 2020. The Plea Agreement states that Baxter (i) agreed to plead guilty to the charge against him (Ex. 9 § A.1); (ii) agreed "that all of the facts set forth in the Information are true and correct and provide the Court with a sufficient factual basis to support" his plea (*id*.); (iii) agreed to be sentenced to a period of incarceration ranging from 0 to 12 months, a and a $100,000 fine (*id*. § B.1); (iv) agreed that he may be excluded from participation in Medicare, Medicaid, and other federal health programs and that such exclusion would apply to anyone who employs or contracts with him (*id*. § D.6); and (v) agreed to testify on behalf of the government concerning the sale, promotion, or marketing of Indivior's Suboxone or Subutex products in the United States (*id*. § D.10).

Exhibit 10 is a true and correct copy of the minutes of Timothy Baxter's Initial Appearance and Guilty Plea Hearing For Criminal Information before the Honorable

James P. Jones on August 31, 2020. The Minutes state that Judge Jones accepted

Baxter's guilty plea and found Baxter guilty of the criminal charge against him.

## III.   ARGUMENT

### A.   The Court Should Take Judicial Notice Of The Plea Documents

The Court may take judicial notice of matters of public record without

converting a motion to dismiss into a motion for summary judgment. *See Wheeler v.*

*Wheeler*, 639 F. App'x 147, 151 (3d Cir. 2016) ("While a District Court is generally

limited to a plaintiff's complaint in assessing a motion to dismiss, it may take judicial

notice of public records, including records of judicial proceedings."); *Willekes v.*

*Serengeti Trading Co.*, 2016 WL 5334522, at *4 (D.N.J. Sept. 22, 2016) ("the court

may consider the complaint, documents submitted with the complaint, matters

incorporated by reference or integral to the claims, matters of which the Court may

take judicial notice, matters of public record, orders, and other items of record in the

case ") (Salas, J.) (citation omitted). "A federal court may take judicial notice of the

contents of another court's docket." *West v. Ortiz*, No. CV 16-8701 (RMB), 2018

WL 2165324, at *2 (D.N.J. May 10, 2018), *aff'd sub nom. West v. Warden Fort Dix*

*FCI*, 740 F. App'x 237 (3d Cir. 2018) (citing *Orabi v. Attorney Gen. of the U.S.*, 738

F.3d 535, 537 n.1 (3d Cir. 2014)); *see also Bolick v. Pennsylvania*, 473 F. App'x

136, 138 (3d Cir. 2012) ("[A] court is permitted to look to matters of public record,

including 'criminal case dispositions.'") (citation omitted); *Bell v. Salas*, 2020 WL

605039, at *2 (D.N.J. Feb. 6, 2020) ("The Court takes judicial notice of the docket in *United States v. Bell*, Criminal Action No. 19-105, District of New Jersey").

The Plea Documents are public records of judicial proceedings in a sister federal court against two of the Defendants in this action and one of Indivior's former executives. Further, the Court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also S.E.C. v. Aragon Capital Advisors, LLC,*, No. 07 CV 919 (FM), 2011 WL 3278907, at *10 (S.D.N.Y. July 26, 2011) ("A court also may take judicial notice of indisputable facts, such as a guilty plea"). Indeed, courts routinely take judicial notice of plea agreements. *See Kaplan v. Holder*, No. CV 14-0830 (CCC), 2017 WL 465853, at *2 (D.N.J. Feb. 2, 2017) (taking judicial notice of a party's guilty pleas in separate federal cases); *Osio v. DeMane*, No. CIV.A 05-2283(JLL), 2006 WL 2129460, at *2 (D.N.J. June 20, 2006) (taking judicial notice in a securities fraud action of the defendant's guilty plea to "a one-count information charging him with making a materially false statement to the Office of Thrift Supervision"); *Sec. & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2019 WL 1040679, at *4 (N.D. Tex. Mar. 5, 2019) ("The court takes judicial notice of the fact that Faulkner pleaded guilty to wrongfully diverting millions of dollars from the

11

companies under his control for his own personal benefit"); *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 749 (S.D.N.Y. 2017) (taking judicial notice of the defendants' guilty pleas that post-dated briefing and argument on motion to dismiss).

**B.     The Plea Documents Confirm Plaintiff's Allegations and Undermine Defendants' Motion To Dismiss**

The Plea Documents confirm two central allegations of the Amended Complaint: Defendants (i) made false and misleading statements about the relative risks that Indivior's opioid products posed to children (¶¶ 13, 68) and (ii) falsely assured investors that the Company provided only truthful information to government agencies and healthcare professionals and complied with all laws in the marketing of its drugs (¶¶ 13, 57, 60-61). The Plea Documents also undermine several of Defendants' arguments in their pending Motion to Dismiss.

First, the Plea Documents confirm that Defendants made false and misleading statements about the relative pediatric safety of Suboxone Film as part of a broad scheme to shift Indivior's market share and sales from tablets that were no longer exclusively protected from competition by patents to film (which arguably was exclusively protected as an orphan drug). *See, e.g.,* ¶¶ 41-47. For example, Indivior's Form 20-F/A falsely stated that Indivior discontinued distribution of Suboxone tablets in 2012 "owing to pediatric safety concerns" and that Suboxone Film had

12

"additional safety and compliance features." ¶ 68. The Charging Documents[4] state, and Defendants have now admitted, that Indivior made these same false and misleading claims about pediatric safety to Massachusetts health officials in an attempt to persuade Massachusetts to add Suboxone Film as a preferred drug on its Medicaid formulary to reduce restrictions on reimbursements. Indivior Information (Ex. 2) ¶¶ 18-27; Thaxter Information (Ex. 5) ¶¶ 20, 24-30; Baxter Information (Ex. 8) ¶¶ 20-31. The Plea Documents also undermine Defendants' argument that false statements about the relative pediatric safety of Suboxone Film "would be material to investors *only* if it led them to believe that such concerns would prevent or delay generic tablet manufacturers from entering the market and competing with Suboxone Film." Motion at 3 (emphasis added); *see also id.* at 18-19. As Defendants now admit, Defendants effectively used these false statements to convince the market that Suboxone Film was a superior alternative to tablets—not just to prevent generic tablets from entering the market.

Second, the Plea Documents confirm Plaintiff's allegations that Defendants falsely assured investors that Indivior "compl[ies] with the wide array of applicable law and regulations concerning promotion of our products" and "ensure[s] adherence to industry codes, laws and regulations in all the countries in which the

---

[4] The "Charging Documents" are the Indivior Information (Ex. 2), the Thaxter Information (Ex. 5), and the Baxter Information (Ex. 8).

Group operates." ¶¶ 57, 58 61, 78; Opposition at 6. The Charging Documents state, and Defendants now admit, that Defendants illegally misled government regulators in the promotion of Suboxone Film. Indivior Information (Ex. 2) ¶¶ 18-27; Thaxter Information (Ex. 5) ¶¶ 20, 24-30; Baxter Information (Ex. 8) ¶¶ 20-31. Significantly, the Plea Documents confirm that these illegal misstatements continued until at least December 2015—nine months into the Class Period—when Indivior finally corrected its false statements to Massachusetts Medicaid officials. Indivior Information (Ex. 2) ¶ 27; Thaxter Information (Ex. 5) ¶ 31; Baxter Information (Ex. 8) ¶ 31.

Third, the Plea Documents undermine Defendants' argument in the Motion that "[n]either the Individual Defendants in this action nor any other individuals have been charged in connection with the investigation." Motion at 10; *see also* Motion at 20 ("Although the DOJ indictment references communications by Thaxter relating to the marketing of Suboxone Film, he is not named as a defendant in the indictment"). Defendant Thaxter, Indivior Solutions, and Baxter have now been charged and convicted in connection with the investigation.

Fourth, the Plea Documents confirm Plaintiff's allegations that Defendants incentivized its sales representatives to provide misleading information to market Suboxone Film while at the same time assuring investors that it only used truthful and empirically grounded information in its marketing and that its sales

14

representatives would not suffer consequences for being truthful. ¶¶ 6, 43, 51-57, 86. The Charging Documents state, and Thaxter now admits, that Indivior "actively promoted only Suboxone Film," "structured the bonuses and incentives for sales employees to reward only Suboxone Film sales," and used "analyses of unintended pediatric exposure . . . in the marketing of Suboxone Film." Thaxter Information (Ex. 5) ¶ 19. Further, Indivior's agreement to establish "financial incentives [that] do not inappropriately motivate [sales representatives and their supervisors] to engage in or tolerate marketing, promoting, or selling of pharmaceutical products (1) for unapproved uses, (2) at dosages above maximum recommended doses listed in the package insert, (3) to prescribers who are not DATA 2000-certified [], and (4) to delisted prescribers" is an implicit admission that Defendants misled investors about Indivior's conscious decision to increase profits by incentivizing its employees to unlawfully market and sell Suboxone Film. Addendum A to Resolution Agreement (Ex. 1) § I.B.

Fifth, the Plea Documents support Plaintiff's allegation that Defendants failed to disclose the risk that the government's investigation would cause Indivior to be excluded from participation in government health care programs such as Medicare and Medicaid. ¶¶ 14, 62, 66, 69, 74, 80, 82, 85, 86; Opposition at 18-19, 33. As part of their respective Plea Agreements, Indivior Solutions agreed to be excluded from participation in federal health care programs, and Thaxter and Baxter both agreed

15

and acknowledged that they may be excluded. Indivior Plea Agreement (Ex. 3) § 14; Thaxter Plea Agreement (Ex. 5) § D(6); Baxter Plea Agreement (Ex. 8) § C(6). Further, Thaxter agreed that, if excluded, "Federal health care programs will not pay anyone for items or services" furnished by Thaxter or anyone who employs or contracts with Thaxter. *Id.* Thaxter's admission supports Plaintiff's allegation that this undisclosed risk materialized when Indivior was criminally indicted after a potential settlement with the DOJ fell apart over the government's insistence that such settlement "could likely result" in Indivior's exclusion from government health care programs. Opposition at 19. The fact that Indivior was forced to pay $600 million to settle these claims—over 35 percent higher than the $438 million Company had reserved during the Class Period—strongly suggests that Indivior was forced to pay a premium to avoid exclusion from federal health care programs and that Defendants concealed this known risk from investors. *See* ¶¶ 14, 74-75, 86; Opposition at 4-5.

Accordingly, the Plea Documents further support the adequacy of the Amended Complaint and undermine the Motion's arguments on falsity, materiality, and scienter.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court should take judicial notice of the Plea Documents. In the event that the Court decides not to take judicial notice of the

16

Plea Documents and grants Defendants' Motion to Dismiss, Plaintiff respectfully requests leave to file an amended complaint incorporating the Plea Documents.

Dated: September 15, 2020          Respectfully submitted,

                                   **THE ROSEN LAW FIRM, P.A.**

                                   /s/ *Laurence M. Rosen*
                                   Laurence M. Rosen, Esq.
                                   One Gateway Center, Suite 2600
                                   Newark, NJ 07102
                                   Tel: (973) 313-1887
                                   Fax: (973) 833-0399
                                   Email: lrosen@rosenlegal.com

                                   and

                                   Daniel Tyre-Karp (admitted pro hac vice)
                                   275 Madison Avenue, 40th Floor
                                   New York, NY 10016
                                   Tel: (212) 686-1060
                                   Fax: (212) 202-3827
                                   Email: dtyrekarp@rosenlegal.com

                                   *Counsel for Plaintiff and the Class*