# EXHIBIT 3

*Attachment 3 to Resolution Agreement*
*United States v. Indivior Inc. and Indivior plc*

**Plea Agreement**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
7/24/2020
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
DEPUTY CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No.** 1:20CR00027 |
| **v.** ) | |
| ) | **Violation:** |
| **INDIVIOR SOLUTIONS, INC.** ) | **18 U.S.C. § 1035** |
| ) | |

## PLEA AGREEMENT

INDIVIOR SOLUTIONS, INC. (EIN: 52-2069631) ("INDIVIOR SOLUTIONS") has entered into a Plea Agreement with the United States of America, by counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). The terms and conditions of this Plea Agreement are as follows:

### 1. CHARGE TO WHICH INDIVIOR SOLUTIONS IS PLEADING GUILTY AND WAIVER OF RIGHTS

INDIVIOR SOLUTIONS will enter a plea of guilty to Count One of an Information charging it with knowingly and willfully making materially false statements relating to health care matters in violation of Title 18, United States Code, Section 1035. The Information involves charges brought by the United States Attorney as opposed to one returned by a Grand Jury. INDIVIOR SOLUTIONS hereby waives and gives up its right to be charged by Indictment and have a Grand Jury vote on its probable guilt.

The parties agree and stipulate that INDIVIOR SOLUTIONS is liable for a maximum statutory fine of $245,000,000 (two hundred forty-five million dollars) pursuant to Title 18, United States Code, Section 3571(d), plus a period of probation of no more than five (5) years, pursuant to Title 18, United States Code, Section 3561(c)(1). In addition, INDIVIOR SOLUTIONS' assets are subject to forfeiture. INDIVIOR SOLUTIONS understands fees may be imposed to pay for probation and there will be a $400 (four hundred dollars) special assessment, pursuant to Title 18, United States Code, Section 3013(a)(2)(B). INDIVIOR SOLUTIONS' attorneys have informed it of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before INDIVIOR SOLUTIONS could be found guilty as charged.

INDIVIOR SOLUTIONS acknowledges INDIVIOR SOLUTIONS has had all of its rights explained to it. INDIVIOR SOLUTIONS expressly recognizes that, as a corporation, INDIVIOR SOLUTIONS may have the following constitutional rights and by voluntarily pleading guilty INDIVIOR SOLUTIONS knowingly waives and gives up these valuable constitutional rights:

*Plea Agreement*
*United States v. Indivior Solutions, Inc.*

Authorized Corporate Officer's Initials: *JR*

The right to plead not guilty and persist in that plea.

The right to a speedy and public jury trial.

The right to assistance of counsel at that trial and in any subsequent appeal.

The right to remain silent at trial.

The right to testify at trial.

The right to confront and cross-examine witnesses.

The right to present evidence and witnesses.

The right to compulsory process of the court.

The right to compel the attendance of witnesses at trial.

The right to be presumed innocent.

The right to a unanimous guilty verdict.

The right to appeal a guilty verdict.

INDIVIOR SOLUTIONS is pleading guilty as described above because INDIVIOR SOLUTIONS is in fact guilty and because INDIVIOR SOLUTIONS believes it is in its best interest to do so and not because of any threats or promises, other than the terms of this Plea Agreement and the related documents, described herein, in exchange for its plea of guilty. INDIVIOR SOLUTIONS agrees all of the matters set forth in the Information are true and correct.

INDIVIOR SOLUTIONS understands the plea is being entered in accordance with Fed. R. Crim. P. 11(c)(1)(C).

## 2.    FACTUAL REPRESENTATIONS

INDIVIOR SOLUTIONS stipulates the facts and allegations set forth in the Information to which it is pleading guilty are true and correct.

## 3.    SENTENCING PROVISIONS

The parties agree the 2018 version of the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") is the appropriate Guidelines Manual to utilize.

The parties agree the U.S.S.G. applies to any guidelines calculation made pertaining to the offense and stipulate that the following guideline sections are applicable to the conduct:

| 2B1.1(a)(2) | 6 | Base Offense Level |
|---|---|---|
| 2B1.1(b)(1)(M) | + 24 | Gain More Than $65M and Not Greater Than $150M |
| 2B1.1(b)(7) | + 4 | Loss to Government Health Care Program of More Than $20M |

The parties agree and stipulate a term of probation for up to five years will be imposed. The Court will determine what terms of probation are appropriate and the parties will be free to argue for what terms are included. INDIVIOR SOLUTIONS understands

and agrees if its probation is revoked, it may be resentenced and a total aggregate fine up to the statutory maximum may be imposed.

The parties agree if the Court refuses to accept this Plea Agreement with the agreed-upon sentence, INDIVIOR SOLUTIONS will be free to withdraw its guilty plea. In the event the Court refuses to accept this Plea Agreement and INDIVIOR SOLUTIONS withdraws its guilty plea within ten (10) days of being notified of the Court's refusal, nothing in this Plea Agreement shall be deemed a waiver of the provisions of Federal Rule of Evidence ("Fed. R. Evid.") 410. Under these circumstances, the United States will move to dismiss the Information without prejudice and the United States may pursue any or all of the remedies set forth in the Plea Agreement or Resolution Agreement, as if INDIVIOR SOLUTIONS had failed to comply with a term of the Plea Agreement or as if Indivior Inc. or Indivior plc had failed to comply with a term of the Resolution Agreement.

## 4. FINANCIAL RESPONSIBILITIES

### a. Financial Obligations

In addition to the mandatory assessment of $400 (four hundred dollars), INDIVIOR SOLUTIONS, as part of the Resolution Agreement attached as Exhibit A, agrees to make the following payments, as directed by the United States:

| TABLE OF PAYMENTS BY INDIVIOR SOLUTIONS AND GUARANTEED BY INDIVIOR INC. AND INDIVIOR PLC | | | | |
|---|---|---|---|---|
| | | Designation of Payments | | |
| Due Date | Payment Due | Court's Discretionary Fund | Forfeiture | MFCU |
| Put in Escrow Prior to INDIVIOR SOLUTIONS Pleading Guilty# | $ 54,000,000 | $ 31,000,000 | $ 22,000,000 | $ 1,000,000 |
| 1/15/2022 | $ 25,000,000 | $ 25,000,000 | | |
| 1/15/2023 | $ 25,000,000 | $ 25,000,000 | | |
| 1/15/2024 | $ 25,000,000 | $ 25,000,000 | | |
| 1/15/2025 | $ 25,000,000 | $ 25,000,000 | | |
| 1/15/2026 | $ 25,000,000 | $ 25,000,000 | | |
| 1/15/2027 | $ 25,000,000 | $ 25,000,000 | | |
| 12/15/2027 | $ 86,000,000 | $ 64,000,000 | $ 22,000,000 | |
| TOTAL | $ 290,000,000 | $ 245,000,000 | $ 44,000,000 | $ 1,000,000 |

#Payments due prior to Indivior Solutions pleading guilty will be placed in an escrow account. Within 3 (three) days of the Court imposing sentence, the escrow funds will be disbursed as set forth herein. For all of the escrowed amounts, in addition to the escrowed payments, INDIVIOR SOLUTIONS will pay, and Indivior, Inc. and Indivior plc will guarantee payment of, interest at the rate of 1.25% (one and one quarter percent) per annum calculated from April 9, 2020, to the time payment is made from the escrow account. The interest paid on the escrowed funds will not be credited toward the total amount due and will make the Court's Discretionary Fund greater than $245,000,000 (two hundred forty-five million dollars).

INDIVIOR SOLUTIONS agrees and understands none of the money paid pursuant to this Plea Agreement will be returned if the Plea Agreement is accepted by the Court.

INDIVIOR SOLUTIONS must notify the United States Attorney's Office for the Western District of Virginia ("USAO-WDVA") as soon as reasonably practicable, in writing, of any event (including, but not limited to, sale, merger, dissolution, etc.) that would jeopardize its ability to pay any amounts under this Plea Agreement.

In addition, in accordance with 18 U.S.C. § 3572(d)(3), INDIVIOR SOLUTIONS will notify the Court of any material change in INDIVIOR SOLUTIONS' economic circumstances that might affect INDIVIOR SOLUTIONS' ability to pay any amounts payable under this Plea Agreement.

### b.   Forfeiture

INDIVIOR SOLUTIONS agrees to the entry of a forfeiture money judgment in an amount not less than $44,000,000 (forty-four million dollars) and not more than $289,000,000 (two hundred eighty-nine million dollars) ("Forfeiture Money Judgment") in United States currency. INDIVIOR SOLUTIONS will not contest such forfeiture. Any amount of forfeiture above $44,000,000 (forty-four million dollars) ordered by the Court will be taken from the Court's Discretionary Fund. The schedule of payment of forfeiture shall be as set forth in the table above.

INDIVIOR SOLUTIONS acknowledges and agrees some of the proceeds of the crime cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, INDIVIOR SOLUTIONS agrees the government is entitled to forfeit as substitute assets any other assets of INDIVIOR SOLUTIONS up to the value of the now missing directly forfeitable assets, pursuant to 21 U.S.C. § 853(p). Payment in full of the Forfeiture Money Judgment (attached as Exhibit C) shall satisfy any and all forfeiture obligations that INDIVIOR SOLUTIONS may have as a result of this guilty plea. INDIVIOR SOLUTIONS consents to the entry of an Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the above-referenced Forfeiture Money Judgment.

INDIVIOR SOLUTIONS agrees to sign any documentation necessary and to cooperate fully with the United States to accomplish the forfeiture. INDIVIOR SOLUTIONS agrees to forfeit all interest in these funds as provided in the payment schedule set forth in this Plea Agreement and to take whatever steps are necessary to pass clear title of these funds to the United States.

INDIVIOR SOLUTIONS agrees not to file a claim in any forfeiture proceeding or to contest, in any manner, the forfeiture of said assets. INDIVIOR SOLUTIONS agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgement in any administrative or judicial proceeding.

INDIVIOR SOLUTIONS understands and agrees forfeiture of this property is proportionate to the degree and nature of the offense. INDIVIOR SOLUTIONS freely and knowingly waives any and all constitutional and statutory challenges to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, that the forfeiture constitutes an excessive fine or punishment. INDIVIOR SOLUTIONS further understands and agrees the forfeiture ordered by the Court as part of the total criminal payment of $290,000,000 (two hundred ninety million dollars) that may be imposed pursuant to this agreement is separate and distinct from, and is not in the nature of, or in lieu of, any monetary penalty or other monetary judgment that may be imposed by the court.

### c.      Court's Discretionary Fund

INDIVIOR SOLUTIONS agrees it will submit payments totaling $245,000,000 (two hundred forty-five million dollars) [plus interest accrued on the first payment] in accordance with the table set forth above, to be allocated to a fine, any forfeiture above $44,000,000 (forty-four million dollars), and, if the Court deems it appropriate, restitution. The Court has absolute discretion to determine how this money should be allocated among these items. If the Court deems restitution to be appropriate, pursuant to 18 U.S.C. 3663(a)(3), the parties agree the Court may order restitution in any manner it deems appropriate. These $245,000,000 (two hundred forty-five million dollars) in payments are designated in the table above as the "Court's Discretionary Fund."

### d.      Virginia Medicaid Fund

INDIVIOR SOLUTIONS agrees it will submit a payment of $1,000,000 (one million dollars) to the Virginia Medicaid Fraud Control Unit to be used for the 25% state match of the Medicaid Fraud Control Unit grant in accordance with the table set forth above.

### e.      Financial Obligations are Not Dischargeable

The parties warrant that, in evaluating whether to execute this Agreement, they have (a) intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to INDIVIOR SOLUTIONS, within the meaning of 11 U.S.C. § 547(c)(l); and (b) concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to, and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which INDIVIOR SOLUTIONS was or became indebted to on or after the Agreement Date, within the meaning of 11 U.S.C. §548(a)(l). INDIVIOR SOLUTIONS agrees its obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and INDIVIOR SOLUTIONS shall not argue or

otherwise take the position in any such case, action, or proceeding that (1) INDIVIOR SOLUTIONS' obligations under this Agreement may be avoided under 11 U.S.C. § 547; (2) INDIVIOR SOLUTIONS was insolvent at the time this Agreement was entered into; or (3) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to INDIVIOR SOLUTIONS. INDIVIOR SOLUTIONS acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Agreement. INDIVIOR SOLUTIONS agrees all amounts payable under this agreement are not dischargeable in bankruptcy and shall be considered debt for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit pursuant to 11 U.S.C. § 523(a)(7). INDIVIOR SOLUTIONS expressly admits and acknowledges that (a) INDIVIOR SOLUTIONS' actions described herein were misrepresentations, fraudulent omissions, and/or deceptive conduct; (b) INDIVIOR SOLUTIONS knew these actions were false and/or deceptive; (c) INDIVIOR SOLUTIONS took these actions with an intent to deceive the United States of America; (d) the United States of America justifiably relied on these actions; and (e) this reliance proximately caused damage to the United States of America. INDIVIOR SOLUTIONS agrees all forfeiture amounts ordered by the Court represent criminal proceeds subject to forfeiture, and as such, the Government's interest in those proceeds arose on the date INDIVIOR SOLUTIONS received those proceeds pursuant to 21 U.S.C. 853(c).

## 5.   **ADDITIONAL OBLIGATIONS**

Unless the Court rejects this Plea Agreement and, as a result, INDIVIOR SOLUTIONS withdraws its plea, INDIVIOR SOLUTIONS agrees to: (1) accept responsibility for its conduct; (2) not attempt to withdraw its guilty plea; (3) not deny it committed the crime to which it has pled guilty; and (4) not make or adopt any arguments or objections to the presentence investigation report that are inconsistent with this Plea Agreement.

INDIVIOR SOLUTIONS will not, through its present or future directors, officers, employees, or agents, (1) make any public statement or (2) make any statement or take any position in litigation in which any United States department or agency is a party, contradicting any statement or provision set forth in the Agreement or its attachments. If INDIVIOR SOLUTIONS makes a public statement that in whole or in part contradicts any such statement or provision, INDIVIOR SOLUTIONS may avoid being in violation of this Agreement by promptly publicly repudiating such statement. For the purposes of this paragraph, the term "public statement" means any statement made or authorized by INDIVIOR SOLUTIONS' directors, officers, employees, or attorneys and includes, but is not limited to, a statement in (1) a press release, (2) public relations material, or (3) INDIVIOR SOLUTIONS' websites. Notwithstanding the above, INDIVIOR SOLUTIONS may avail itself of any legal or factual arguments available in defending litigation brought by a party other than the United States. This paragraph does not apply to any statement made by any individual in the course of any actual or contemplated criminal,

regulatory, administrative, or civil case initiated by any governmental or private party against such individual.

Except as may otherwise be agreed by the parties in connection with a particular transaction, INDIVIOR SOLUTIONS agrees if, during the term of this Agreement, it undertakes any material change in corporate form, including if it sells, merges, or transfers business operations material to INDIVIOR SOLUTIONS' consolidated operations as they exist as of the date of this Agreement, whether such change is structured as a sale, asset sale, merger, transfer, or other material change in corporate form, it shall include in any contract for sale, merger, transfer, or other change in corporate form a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement. INDIVIOR SOLUTIONS shall provide notice to the USAO-WDVA and the United States Department of Justice's Consumer Protection Branch ("CPB") at least 30 (thirty) days prior to undertaking any such sale, merger, transfer, or other change in corporate form. Nothing herein shall restrict INDIVIOR SOLUTIONS from indemnifying (or otherwise holding harmless) the purchaser or successor in interest for penalties or other costs arising from any conduct that may have occurred prior to the date of the transaction, so long as such indemnification does not have the effect of circumventing or frustrating the enforcement purposes of this Agreement, as determined by the USAO-WDVA and CPB.

## 6. WAIVER OF RIGHT TO APPEAL AND COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT

If the Court accepts this Plea Agreement, INDIVIOR SOLUTIONS agrees INDIVIOR SOLUTIONS will not appeal the conviction or sentence imposed. INDIVIOR SOLUTIONS is knowingly and voluntarily waiving any right to appeal and is voluntarily willing to rely on the Court in sentencing it, pursuant to the terms of Fed. R. Crim. P. 11(c)(1)(C). INDIVIOR SOLUTIONS expressly waives its right to appeal as to any and all issues in this matter and waives any right it may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such appeal or collateral attack cannot be waived, by law. INDIVIOR SOLUTIONS understands the United States expressly reserves all of its rights to appeal, but if the United States initiates a direct appeal of the sentence imposed, INDIVIOR SOLUTIONS may file a cross appeal of that same sentence. INDIVIOR SOLUTIONS agrees and understands if it files any court document (except for an appeal or collateral attack based on an issue that cannot be waived, by law) seeking to disturb, in any way, any order imposed in the case such action shall constitute a failure to comply with a provision of this Plea Agreement.

## 7. INFORMATION ACCESS WAIVER

INDIVIOR SOLUTIONS waives all rights, whether asserted directly or by a representative, to request or receive from the United States Department of Justice, United States Food and Drug Administration – Office of Criminal Investigations, United States Department of Health and Human Services – Office of Inspector General, United States

Postal Service – Office of Inspector General, and Virginia Office of the Attorney General Medicaid Fraud Control Unit any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, or the Virginia Freedom of Information Act, Va. Code § 2.2-3700- 3714.

## 8.    ADMISSIBILITY OF STATEMENTS

INDIVIOR SOLUTIONS understands any statements made on its behalf (including, but not limited to, this Plea Agreement, the Information, and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements made, in any setting, may be used against INDIVIOR SOLUTIONS by the United States in this or any other proceeding. INDIVIOR SOLUTIONS knowingly waives any right it may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence in this or any other proceeding. If, and only if, the Court rejects this Plea Agreement, and, as a result, INDIVIOR SOLUTIONS withdraws its plea, INDIVIOR SOLUTIONS will not be bound by the waivers set forth in this section of the Plea Agreement.

## 9.    COMPLETION OF PROSECUTION

The parties agree they are bound by Paragraph 22 of the Resolution Agreement.

## 10.    LIMITATION OF PLEA AGREEMENT

This Plea Agreement is limited to the United States Department of Justice and does not bind any other federal, state, or local authority.

## 11.    COMPLIANCE AND REMEDIAL MEASURES

The parties agree they are bound by the terms of the Resolution Agreement.

## 12.    COOPERATION

INDIVIOR SOLUTIONS will fully cooperate with all investigations and prosecutions, if any, by the Department of Justice related, in any way, to Suboxone or any other drug marketed or promoted by INDIVIOR SOLUTIONS. INDIVIOR SOLUTIONS' cooperation in the investigation and prosecution of individuals and entities pursuant to this paragraph includes, but is not limited to, using best efforts promptly to secure the attendance and testimony of any current or former officer, director, agent, or employee of INDIVIOR SOLUTIONS at any meeting or interview or before the grand jury or at any trial or other court proceeding; and truthfully disclosing all factual information, documents,

records, or other tangible evidence not protected by a valid claim of privilege or work product. INDIVIOR SOLUTIONS' cooperation is subject to applicable laws and regulations, including relevant data privacy and national security laws and regulations, as well as valid claims of attorney-client privilege or attorney work product doctrine. INDIVIOR SOLUTIONS expressly understands, to the extent there is conduct disclosed by INDIVIOR SOLUTIONS that does not relate to Suboxone or Subutex, such conduct will not be exempt from prosecution and is not within the scope of the non-prosecution terms of this Agreement.

## 13. REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THIS PLEA AGREEMENT

INDIVIOR SOLUTIONS understands if: (1) INDIVIOR SOLUTIONS attempts to withdraw its plea (in the absence of the Court refusing to accept this Plea Agreement); (2) INDIVIOR SOLUTIONS fails to comply with any provision of this Plea Agreement; (3) Indivior Inc. or Indivior plc fail to comply with any provision of the Resolution Agreement (4) INDIVIOR SOLUTIONS' conviction is set aside, for any reason; and/or (5) INDIVIOR SOLUTIONS fails to execute all required paperwork prior to the imposition of judgment, the United States may, at its election, pursue any or all of the following remedies: (a) declare this Plea Agreement and/or the Resolution Agreement void; (b) file against any entity, by indictment or information, any charges which were filed and/or could have been filed concerning the matters involved in the instant investigation; (c) refuse to abide by any stipulations and/or recommendations contained in this Plea Agreement or the Resolution Agreement; (d) not be bound by any obligation of the United States set forth in this Plea Agreement or the Resolution Agreement, and (e) take any other action provided for under this Plea Agreement, the Resolution Agreement, or by statute, regulation, or court rule.

The remedies set forth above are cumulative and not mutually exclusive. If the United States pursues any of its permissible remedies as set forth in this Plea Agreement, INDIVIOR SOLUTIONS will still be bound by its obligations under this Plea Agreement. INDIVIOR SOLUTIONS hereby waives its right under Fed. R. Crim. P. 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any charges filed pursuant to this section of this Plea Agreement. INDIVIOR SOLUTIONS hereby waives any statute of limitations argument as to any such charges.

## 14. EXCLUSION

INDIVIOR SOLUTIONS understands that as a consequence of pleading guilty pursuant to this Agreement the United States Department of Health and Human Services ("HHS") will exclude INDIVIOR SOLUTIONS from participating in Federal health care programs, pursuant to 42 U.S.C. §§ 1320a-7(a)(1). INDIVIOR SOLUTIONS will not contest its exclusion.

## 15. EFFECTIVE REPRESENTATION

INDIVIOR SOLUTIONS has discussed the terms of this Plea Agreement and all matters pertaining to the charges against it with its attorneys and is fully satisfied with its attorneys and its attorneys' advice. At this time, INDIVIOR SOLUTIONS has no dissatisfaction or complaint with its attorneys' representation. INDIVIOR SOLUTIONS agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint INDIVIOR SOLUTIONS may have with its attorneys' representation.

## 16. EFFECT OF INDIVIOR SOLUTIONS' SIGNATURE

INDIVIOR SOLUTIONS understands its Authorized Corporate Officer's signature on this Plea Agreement constitutes a binding offer by it to enter into this Plea Agreement. INDIVIOR SOLUTIONS understands the United States has not accepted INDIVIOR SOLUTIONS' offer until the authorized representative of the United States has signed this Plea Agreement.

## 17. GENERAL UNDERSTANDINGS

INDIVIOR SOLUTIONS understands a presentence investigation will be conducted and sentencing recommendations independent of the USAO will be made by the presentence preparer.

INDIVIOR SOLUTIONS understands the United States and INDIVIOR SOLUTIONS retain the right, notwithstanding any provision in this Plea Agreement, to inform the probation office and the Court of all facts, to address the Court with respect to the nature and seriousness of the offense and the offender, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, and to respond to any statements made to the Court.

INDIVIOR SOLUTIONS willingly stipulates there is a sufficient factual basis for the Court to accept the plea.

INDIVIOR SOLUTIONS understands this Plea Agreement does not apply to any crimes or charges not addressed in this Plea Agreement.

INDIVIOR SOLUTIONS has not been coerced, threatened, or promised anything other than the terms of this Plea Agreement, which is part of a larger resolution set forth in the Resolution Agreement (attached as Exhibit A), in exchange for its plea of guilty. INDIVIOR SOLUTIONS understands its attorneys will be free to argue any mitigating factors on its behalf to the extent they are not inconsistent with the terms of this Plea Agreement. INDIVIOR SOLUTIONS understands INDIVIOR SOLUTIONS will have an opportunity to have a representative address the Court prior to sentence being imposed.

This writing and the Resolution Agreement and its attachments are the complete and only agreements between the United States and INDIVIOR SOLUTIONS concerning resolution of this matter. In addition, INDIVIOR SOLUTIONS has no objection to the filing of the Information (Exhibit B). The agreements and documents listed in this section

set forth the entire understanding between the parties and constitute the complete agreement between the USAO-WDVA and INDIVIOR SOLUTIONS and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. These agreements supersede all prior understandings, promises, agreements, or conditions, if any, between the United States and INDIVIOR SOLUTIONS. INDIVIOR SOLUTIONS consents to public disclosure of all of the agreements and other documents referenced in this section.

INDIVIOR SOLUTIONS has consulted with its attorneys and fully understands its rights. INDIVIOR SOLUTIONS has read this Plea Agreement and carefully reviewed every part of it with its attorneys. INDIVIOR SOLUTIONS understands this Plea Agreement and INDIVIOR SOLUTIONS voluntarily agrees to it. Being aware of all of the possible consequences of its plea, INDIVIOR SOLUTIONS has independently decided to enter this plea of its own free will and is affirming that agreement on this date by the signature of its Authorized Corporate Officer ("Officer") below.

The Officer, by signing below, hereby certifies to the following:

(1)     The Officer is fully authorized to enter into this Plea Agreement on behalf of INDIVIOR SOLUTIONS;

(2)     The Officer has read the entire Plea Agreement and documents referenced herein and discussed them with INDIVIOR SOLUTIONS' Board of Directors;

(3)     INDIVIOR SOLUTIONS understands all the terms of this Plea Agreement and those terms correctly reflect the results of plea negotiations;

(4)     INDIVIOR SOLUTIONS is fully satisfied with INDIVIOR SOLUTIONS' attorneys' representation during all phases of this case;

(5)     INDIVIOR SOLUTIONS is freely and voluntarily pleading guilty in this case;

(6)     INDIVIOR SOLUTIONS is pleading guilty as set forth in this Plea Agreement because it is guilty of the crime to which it is entering its plea; and

(7)     INDIVIOR SOLUTIONS understands it is waiving its right to appeal the judgment and conviction in this case.

INDIVIOR SOLUTIONS acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Officer. A copy of a certification by INDIVIOR SOLUTIONS' Board of Directors authorizing the Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of INDIVIOR SOLUTIONS is attached as Addendum 1.

 

**Agreed to:**

**Indivior Solutions, Inc.**

BY: _____            _____7/24/20_____
      Javier Rodriguez                                  DATE
      *Authorized Corporate Representative*
      *for Indivior Solutions, Inc.*

Counsel has fully explained to the Board of Directors of INDIVIOR SOLUTIONS the facts and circumstances of the case; all rights with respect to the offense charged in the Information; possible defenses to the offense charged in the Information; all rights with respect to the applicability of the U.S.S.G.; and the consequences of entering into this Plea Agreement and entering a guilty plea. Counsel has reviewed this entire Plea Agreement and documents referenced herein with the client, through its Officer. INDIVIOR SOLUTIONS understands the terms and conditions of this Plea Agreement, and INDIVIOR SOLUTIONS' decision to enter into this Plea Agreement is knowing and voluntary. INDIVIOR SOLUTIONS' execution of and entry into the Plea Agreement is done with Counsel's consent.

_____            _____7/24/20_____
James R. Wooley                                   DATE
   *Counsel for Indivior Solutions, Inc.*

_____            _____7/24/20_____
Thomas W. Beimers                              DATE
   *Counsel for Indivior Solutions, Inc.*

## The United States Attorney's Office for the Western District of Virginia:

BY: _____       _____

DANIEL P. BUBAR                         DATE
  *Attorney for the United States,*
  *Acting Under Authority Conferred by 28 U.S.C. Section 515*
ALBERT P. MAYER
  *Trial Attorney, Department of Justice, Civil Division,*
  *Commercial Litigation Branch*
RANDY RAMSEYER
  *Assistant United States Attorney*
KRISTIN L. GRAY
JOSEPH S. HALL
JANINE M. MYATT
  *Special Assistant United States Attorneys / Assistant Attorneys General,*
  *Medicaid Fraud Control Unit, Virginia Office of the Attorney General*
GARTH W. HUSTON
  *Special Assistant United States Attorney / Attorney, Federal Trade Commission*
CAROL L. WALLACK
  *Trial Attorney, Department of Justice, Civil Division,*
  *Commercial Litigation Branch*

## The United States Department of Justice, Consumer Protection Branch:

BY: _____       _____

GUSTAV W. EYLER                         DATE
  *Director*
JILL P. FURMAN
  *Deputy Director*
CHARLES J. BIRO
MATTHEW J. LASH
  *Trial Attorneys*

*Attachment 3 to Resolution Agreement*
*United States v. Indivior Inc. and Indivior plc*

**The United States Attorney's Office for the Western District of Virginia:**

BY: _____     _7/23/20_

DATE

DANIEL P. BUBAR
  *Attorney for the United States,*
  *Acting Under Authority Conferred by 28 U.S.C. Section 515*
ALBERT P. MAYER
  *Trial Attorney, Department of Justice, Civil Division,*
  *Commercial Litigation Branch*
RANDY RAMSEYER
  *Assistant United States Attorney*
KRISTIN L. GRAY
JOSEPH S. HALL
JANINE M. MYATT
  *Special Assistant United States Attorneys / Assistant Attorneys General,*
  *Medicaid Fraud Control Unit, Virginia Office of the Attorney General*
GARTH W. HUSTON
  *Special Assistant United States Attorney / Attorney, Federal Trade Commission*
CAROL L. WALLACK
  *Trial Attorney, Department of Justice, Civil Division,*
  *Commercial Litigation Branch*

**The United States Department of Justice, Consumer Protection Branch:**

BY: _____     _7/23/20_

DATE

GUSTAV W. EYLER
  *Director*
JILL P. FURMAN
  *Deputy Director*
CHARLES J. BIRO
MATTHEW J. LASH
  *Trial Attorneys*

*Authorized Corporate Officer's Initials:* _____