UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL VAN DORP, Individually and on
behalf of all others similarly situated,

     Plaintiff,

     v.

INDIVIOR PLC, SHAUN THAXTER,
MARK CROSSLEY, and CARY J.
CLAIBORNE,

     Defendants.

Case No. 2:19-cv-10792 (ES) (MAH)

**OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Robert P. Haney, Jr.
C. William Phillips (*pro hac vice*)
Mark P. Gimbel (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 841-1000
Fax: (646) 441-1010
rhaney@cov.com
cphillips@cov.com
mgimbel@cov.com

*Attorneys for Defendants*

TABLE OF CONTENTS

Table of Authorities ..................................................................................... ii

Introduction ................................................................................................. 1

Background .................................................................................................. 5

Argument..................................................................................................... 8

I.      PLAINTIFF MAY NOT AMEND HIS COMPLAINT TO ADD
        NEW ALLEGATIONS UNDER THE GUISE OF JUDICIAL
        NOTICE.............................................................................................. 8

        A.      Plaintiff May Not Rely on The Plea Documents for the Truth of
                the Facts Recited Therein. .................................................... 8

        B.      Plaintiff Impermissibly Seeks to Amend his Complaint Through
                a Sur-Reply Brief................................................................... 11

II.     THE NEW ALLEGATIONS PLAINTIFF SEEKS TO
        INTRODUCE BY WAY OF MOTION ARE IRRELEVANT TO
        THE MERITS OF DEFENDANTS' MOTION TO DISMISS. ............. 12

        A.      The Plea Documents are Irrelevant to Whether Indivior's Class
                Period Disclosures Regarding the Relative Safety of Suboxone
                Film Were Materially Misleading. ....................................... 13

        B.      The Plea Documents Are Irrelevant to Whether Indivior's
                Compliance Disclosures Were Materially Misleading. ....................... 14

        C.      The Plea Documents Are Irrelevant to Whether Indivior's
                Disclosures Regarding the DOJ Investigation Were Materially
                Misleading. ........................................................................... 15

        D.      The Guilty Pleas Do Not Demonstrate Scienter. ............................... 17

Conclusion ................................................................................................. 20

i

TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bell v. Salas*,
No. CV1919908RMBKMW, 2020 WL 605039 (D.N.J. Feb. 6,
2020) ...................................................................................................................8

*Bolick v. Pennsylvania*,
473 F. App'x. 136 (3d Cir. 2012) ........................................................................8

*In re Braskem S.A. Sec. Litig.*,
246 F. Supp. 3d 731, 749 (S.D.N.Y. 2017) .........................................................8

*Brody v. Hankin*,
145 Fed.Appx. 768 (3d Cir. 2005)........................................................................7

*California Pub. Employees' Ret. Sys. v. Chubb Corp.*,
394 F.3d 126 (3d Cir. 2004) ..............................................................................16

*Daggett v. Waterfront Comm'n of New York Harbor*,
No. 16-CV-4314 (ES), 2017 WL 3638872 (D.N.J. Aug. 24, 2017),
*aff'd*, 774 F. App'x 761 (3d Cir. 2019)..............................................................10

*Kaplan v. Holder*,
No. CV 14-0830 (CCC), 2017 WL 465853 (D.N.J. Feb. 2, 2017) ......................8

*Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*,
No. CIV.A. 15-499, 2015 WL 5971198 (W.D. Pa. Oct. 14, 2015)..................7, 8

*In re Niaspan Antitrust Litig.*,
42 F. Supp. 3d 735, 754 (E.D. Pa. 2014)...........................................................6, 7

*Osio v. DeMane*,
No. CIV.A 05-2283(JLL), 2006 WL 2129460 (D.N.J. June 20,
2006) ...................................................................................................................9

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010) ..............................................................................11

*Sec. & Exch. Comm'n v. Faulkner*,
    No. 3:16-CV-1735-D, 2019 WL 1040679 (N.D. Tex. Mar. 5, 2019) ..................8

*Sturgeon v. Pharmerica Corp.*,
    438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) .........................................................7

*United States v. 42 Jars, More or Less, Bee Royale Capsules*,
    264 F.2d 666 (3d Cir. 1959) .............................................................................17

*United States v. DeCoster*,
    828 F.3d 626 (8th Cir. 2016), *cert denied*, 2017 WL 120919 (May
    22, 2017) ...........................................................................................................16

*United States v. Greenbaum*,
    138 F.2d 437 (3d Cir. 1943) .............................................................................17

*West v. Ortiz*,
    No. CV 16-8701 (RMB), 2018 WL 2165324 (D.N.J. May 10,
    2018) ...................................................................................................................8

*Wheeler v. Wheeler*,
    639 F. App'x 147 (3d Cir. 2016) .........................................................................8

*Willekes v. Serengeti Trading Co.*,
    2016 WL 5334522 (D.N.J. Sept. 22, 2016) .........................................................8

*Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*,
    836 F.2d 173 (3d Cir. 1988) .............................................................................10

**Statutes**

18 U.S.C. § 1035 ........................................................................................................6

21 U.S.C. §§ 331(a) and 333(a)(1) ....................................................................5, 16

**Other Authorities**

L.Civ.R. 7.1(d)(6) ....................................................................................................10

U.S. Dep't of Justice, United States Attorney's Manual 4-8.200
    (2015), https://www.justice.gov/jm/jm-4-8000-consumer-
    protection ..........................................................................................................18

**INTRODUCTION**

Plaintiff's Request for Judicial Notice ("Request or "Req.," ECF No. 28) is a transparent effort to poison the well by introducing a host of irrelevant developments in parallel criminal proceedings.  Properly understood, none of these developments—plea agreements from an Indivior subsidiary, Defendant Shaun Thaxter, and another former Indivior executive—have any relevance to Plaintiff's existing claims or to Defendants' pending motion to dismiss.  Nor is there any basis for granting Plaintiff's Request.

Plaintiff's Complaint alleges that Defendants made a variety of misrepresentations and omissions *to investors* during a putative class period running from March 10, 2015 to April 9, 2019 (the "Class Period").  According to Plaintiff, these Class Period statements allegedly (i) failed to disclose a purported scheme to switch patients from Indivior's existing opioid addiction treatment drug, Suboxone Sublingual Tablet ("Suboxone Tablet") to a new film version of the same drug ("Suboxone Film"), (ii) failed to accurately predict the outcome of a DOJ investigation into this alleged scheme, and (iii) misrepresented the relative safety of Suboxone Tablet and Suboxone Film.  None of the materials Plaintiff seeks to introduce involve any of these Class Period statements or, indeed, any public statement made to investors at any time.  To the contrary, each focuses on misconduct that occurred years earlier in 2012, in the course of private

1

communications between an employee at Indivior Solutions, Inc. ("Solutions"), a sales and marketing subsidiary of Indivior, and an official from the Massachusetts Medicaid Program ("MassHealth").

Specifically, the plea agreements focus on the conduct of a Medical Affairs Manager at Solutions, who provided misleading data about unintended pediatric exposures in Massachusetts to MassHealth in 2012 that suggested that Suboxone Film had a lower rate of unintended pediatric exposures in Massachusetts than generic Subutex tablets. *See* Ex. 2 ¶¶ 21-26; Ex. 5 ¶¶ 24-29; Ex. 8 ¶¶ 24-29.[1]  The misleading submission was corrected by Indivior management in 2015, after the government commenced an investigation. *E.g.*, Ex. 5 ¶ 31.  Nevertheless, the conduct ultimately formed the basis for three guilty pleas:  Solutions pleaded guilty to making false statements to MassHealth, Ex. 3 at 1-2 (stipulating to allegations in Ex. 2); Shaun Thaxter pleaded guilty to the strict liability misdemeanor offense of introducing misbranded drugs in commerce, based on the failure to prevent and promptly correct the communication by the Medical Affairs Manager, Ex. 5 ¶¶ 32-33; Ex. 6 at 1; and Timothy Baxter, the former Global Medical Director of Indivior's predecessor corporation, pleaded guilty to a similar strict liability misdemeanor offense, Ex 8 ¶¶ 31-33; Ex. 9 at 1.

---

[1] Except where otherwise noted, references to "Ex." refer to the exhibits attached to Plaintiff's Request.  *See* ECF Nos. 28-1 through 28-10.

2

Plaintiff argues that the Court should take judicial notice of these guilty pleas and related materials (collectively, the "Plea Documents") because they purportedly "confirm Plaintiff's allegations," but they do no such thing. None of the conduct at issue involves any of the Class Period statements that are the focus of Plaintiff's securities claims in this case. Nor do the documents even buttress Plaintiff's deficient allegations of scienter. The only defendant in this case who pleaded guilty is Mr. Thaxter, and his plea was to a *strict liability* misdemeanor offense *under the responsible corporate officer doctrine*, which does not require any proof of knowledge, intent, or even personal involvement in the underlying conduct. *See infra* at 17-19. If anything, the criminal information suggests that Mr. Thaxter *lacked* the fraudulent intent necessary to support liability for securities fraud, because it acknowledges that he "approved sending a correction letter to MassHealth" in December of 2015, Ex 5 ¶ 31—an action completely inconsistent with Plaintiff's claim that Mr. Thaxter was engaged in a scheme to conceal misconduct at the time.

In addition to seeking to introduce irrelevant material, Plaintiff's "Request for Judicial Notice" is procedurally improper. Contrary to Plaintiff's argument, there is no basis for taking judicial notice of a document extrinsic to a complaint to "confirm" a plaintiff's factual allegations at the motion to dismiss stage. To the contrary, because a court must assume the truth of all well-pleaded factual

3

allegations in deciding a motion to dismiss, there is no occasion to introduce evidence to "confirm" any of the plaintiff's allegations.

Moreover, while courts may take judicial notice of certain documents that are integral to a complaint, or that conclusively establish the insufficiency of a plaintiff's allegations, what Plaintiff seeks to do here is different:  Plaintiff seeks to introduce new facts, never before pleaded, concerning events that occurred years before the Class Period and criminal pleas that occurred over a year after the Class Period.  To the extent that Plaintiff wishes to introduce all of this new material, the mechanism for doing so is to file a motion for leave to amend the Complaint—not a request for judicial notice of a litany of new facts and allegations found nowhere within the four corners of Plaintiff's operative pleading.

Finally, Plaintiff's "Request for Judicial Notice" comes months after briefs on the pending motion were fully submitted and amounts, in essence, to an unauthorized sur-reply brief—one in which Plaintiff makes new arguments concerning issues including "falsity, materiality, and scienter."  Req. at 16. Neither the Federal Rules nor the Local Rules of this Court permit an unauthorized sur-reply—least of all one which introduces new arguments based on facts not included in the Complaint and never once addressed in the existing briefing.

4

**BACKGROUND**

*The Department of Justice Investigation and Indictment*

In 2013, the United States Department of Justice ("DOJ") began a criminal investigation of Indivior's marketing and promotion of buprenorphine-containing medications. *See* Mem. L. ISO Defs.' Mot. To Dismiss ("MTD," ECF No. 20-1) at 9-10. On April 9, 2019, a federal grand jury indicted Indivior and its U.S. subsidiary, alleging that they devised a scheme to profit from health care programs such as Medicare and Medicaid by, among other things, "making materially false and fraudulent statements and representations to and relating to state Medicaid administrators and others to promote Suboxone Film . . . ." Compl. Ex. 2 ¶ 31.

*The Complaint and Defendants' Motion to Dismiss*

Plaintiff's operative complaint, filed on September 30, 2019, alleges that various statements in Indivior's securities disclosures were false or misleading because they (1) described Indivior's Code of Business Conduct or compliance efforts, without disclosing the alleged scheme, (2) failed to publicly predict the outcome and consequences of the DOJ investigation, including the specific penalties the DOJ would seek, and (3) misrepresented the relative safety of Suboxone Tablet and Suboxone Film. Compl. ¶¶ 13, 86.

On November 29, 2019, Defendants moved to dismiss the Complaint, arguing, *inter alia*, that (i) the securities laws generally do not impose a duty to

disclose mismanagement or uncharged criminal conduct, and the pleaded compliance statements were immaterial puffery, (ii) Defendants had no obligation to predict the outcome of the DOJ investigation or the particular penalties the DOJ would seek, (iii) the Complaint fails to plead any actionable statements about the relative safety of Suboxone Tablet or Suboxone Film, and (iv) the Complaint fails to plead scienter.  MTD at 1-3.  Plaintiff opposed Defendants' motion on January 28, 2020 (ECF No. 24), and Defendants replied on February 27, 2020 (ECF. No. 25).  On July 21, 2020, the Court entered an order informing the parties that the motion would be decided without oral argument (ECF No. 27); the motion to dismiss thus is now fully submitted and awaits decision.

*Indivior Resolves the DOJ Investigation.*

On June 30, 2020, Defendant Shaun Thaxter, Indivior's former CEO, pleaded guilty to a strict liability misdemeanor, under the responsible corporate officer doctrine, for causing the introduction or delivery for introduction into interstate commerce of a drug that is misbranded, in violation of 21 U.S.C. §§ 331(a) and 333(a)(1).  Ex. 6 at 1.  The criminal information to which Thaxter pleaded alleged that an unnamed Medical Affairs Manager at Solutions manipulated certain pediatric exposure data from poison control centers to convince an official from MassHealth to make Suboxone Film a preferred drug on its formulary and lift its restrictions on reimbursement.  Ex. 5 ¶¶ 24-29.  The

6

Medical Affairs Manager allegedly stated falsely by email that "Suboxone Film had the lowest rate of unintentional pediatric exposure in Massachusetts when, in fact, buprenorphine-only tablets like Subutex Tablet had the lowest rate in Massachusetts." *Id.* ¶ 27.

The information did not allege that Thaxter participated in this allegedly wrongful conduct of the Medical Affairs Manager. The Medical Affairs Manager purportedly asked to take the meeting with MassHealth alone because "the situation is very delicate." *Id.* ¶ 23. The Medical Affairs Manager—not Thaxter—prepared the allegedly misleading figures and shared the data with MassHealth herself. *Id.* ¶¶ 24-27.

On July 24, 2020, Indivior and the DOJ entered an agreement to resolve the criminal charges against it and Solutions and certain related civil proceedings. Pursuant to the agreement, Solutions (and not Indivior) entered a guilty plea to the charge of willfully making materially false statements in connection with the delivery of and payment for health care benefits, items, and services in violation of 18 U.S.C. § 1035. Exs. 2, 3. Indivior and Solutions also agreed to pay a total of $600 million in civil and criminal fines, penalties and forfeiture over the next seven years. *See* Ex. 1 ¶ 6.

On August 29, 2020, Timothy Baxter, the Global Medical Director of Indivior's predecessor, pleaded guilty to the same strict liability misdemeanor as

7

Thaxter, also based on the responsible corporate officer doctrine and the conduct of the Medical Affairs Manager at Solutions.  Exs. 7, 8.

**ARGUMENT**

**I.   PLAINTIFF MAY NOT AMEND HIS COMPLAINT TO ADD NEW ALLEGATIONS UNDER THE GUISE OF JUDICIAL NOTICE.**

    **A.   Plaintiff May Not Rely on The Plea Documents for the Truth of the Facts Recited Therein.**

The facts of which a Court may take judicial notice are narrowly circumscribed.  *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 754 (E.D. Pa. 2014) ("'[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings,' except in limited circumstances.") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).  A court may take judicial notice of "publicly available records and transcripts from judicial proceedings" only for their "existence . . . , which is not subject to reasonable dispute over its authenticity"—"not for the truth of the facts recited therein."  *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020); *see also In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 754 (E.D. Pa. 2014) ("Although a court may take judicial notice of court documents to establish the fact of the litigation or of the filings themselves," it cannot examine the material to find facts); *Brody v. Hankin*, 145 F. App'x. 768, 772 (3d Cir. 2005) ("[A] court that examines a transcript of a prior proceeding to find facts converts a

8

motion to dismiss into a motion for summary judgment.").  Yet looking to the truth of the facts cited in the Plea Documents is exactly what Plaintiff requests.

Plaintiff asserts that the Court may judicially notice the Plea documents to "confirm" his allegations that Defendants (i) made "misleading statements about the relative risks that Indivior's opioid products posed to children" and (ii) "falsely assured investors that the Company provided only truthful information to government agencies and healthcare professionals and complied with all laws in the marketing of its drugs."  Req. at 11.  But the Court may not "consider [public records] to corroborate and draw additional inferences from the allegations in [Plaintiff's] amended complaint."  *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, No. CIV.A. 15-499, 2015 WL 5971198, at *1 (W.D. Pa. Oct. 14, 2015).  To do so would require the Court to "'to find facts' and draw additional inferences" from the Plea Documents, "i.e., to 'judicially notic[e] the truth of facts averred' therein."  *Id.* (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004)).  That is impermissible at this stage of the proceedings.

The cases Plaintiff relies upon confirm that his request is inappropriate. There, courts took judicial notice of (1) other courts' dockets that were integral to or explicitly relied upon in the plaintiffs' complaints;[2] (2) court documents the

---

[2] *See Wheeler v. Wheeler*, 639 F. App'x 147, 150 (3d Cir. 2016) ("The District Court properly took judicial notice of the state court docket in the very prosecution Wheeler claims was malicious."); *Willekes v. Serengeti Trading Co.*, 2016 WL

9

existence of which conclusively established procedural barriers to plaintiffs'

claims;[3] or (3) court filings that were cited only for propositions not relevant to the

merits.[4]  Here, by contrast, the Plea Documents fall in none of these categories.

Neither the documents themselves nor any of the underlying facts—which concern

Indivior's communications to MassHealth—are referenced in Plaintiff's

Complaint.  Indeed, Plaintiff could not have relied upon or incorporated by

reference the Plea Documents because they were filed months *after* the Complaint.

In short, although the guilty pleas are matters "of public record, the claims of

the Plaintiff[] are not based on [the Plea Documents]. . . . Under these

---

5334522, at \*4 (D.N.J. Sept. 22, 2016) ("all of the filings in the New Jersey state court proceeding regarding the ownership of the coffee are either integral to the SAC or are explicitly referred to in the SAC.").

[3] *See Wheeler*, 639 F. App'x at 147 (holding that the fact that criminal trial was scheduled was evidence of a "judicial determination that there was sufficient probable cause."); *Bolick v. Pennsylvania*, 473 F. App'x. 136, 138 (3d Cir. 2012) ("while Bolick insists that the Superior Court improperly vacated Judge Sacavage's June 2007 order . . . the fact remains that the Superior Court did vacate the June 2007 order, and therefore the 1981 conviction undoubtedly still stands."); *Bell v. Salas*, No. CV1919908RMBKMW, 2020 WL 605039, at \*2 (D.N.J. Feb. 6, 2020) (judicially noticing the existence of criminal case to conclude that the judge and federal defender in that case were not subject to a subsequent civil suit) ; *West v. Ortiz*, No. CV 16-8701 (RMB), 2018 WL 2165324, at \*2 (D.N.J. May 10, 2018) (having previously brought a § 2255 petition, petitioner could not bring a § 2241 petition without leave of court); *Kaplan v. Holder*, No. CV 14-0830 (CCC), 2017 WL 465853, at \*3 (D.N.J. Feb. 2, 2017) ("his guilty plea in each case precludes a finding that either proceeding was initiated without probable cause.").

[4] *See Sec. & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2019 WL 1040679, at \*4 (N.D. Tex. Mar. 5, 2019) (judicial notice of guilty plea only added generalized characterization of Plaintiff's allegation of harm); *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 749 (S.D.N.Y. 2017) ("The Court's consideration of these materials did not, however, affect its resolution of the motions to dismiss.")

circumstances, the Court [should] not rely on the [Plea Documents] in determining the present motion to dismiss." *Osio v. DeMane*, No. CIV.A 05-2283(JLL), 2006 WL 2129460, at *2 n.4 (D.N.J. June 20, 2006).

###    B.    Plaintiff Impermissibly Seeks to Amend his Complaint Through a Sur-Reply Brief.

The Request is improper for the additional reason that it effectively seeks to amend the existing Complaint by introducing a litany of new factual allegations including claims about the conduct of a Solutions employee years before the Class Period; allegations about a misdemeanor plea concerning pre-Class Period conduct entered by Defendant Thaxter over a year after the Class Period ended; allegations about the fines paid by the Company to resolve its civil and criminal exposure; and allegations about the inferences that the Court should draw from the foregoing. Attempting to introduce all of these new factual allegations with a motion to dismiss pending is patently improper. *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Daggett v. Waterfront Comm'n of New York Harbor*, No. 16-CV-4314 (ES), 2017 WL 3638872, at *10 (D.N.J. Aug. 24, 2017), *aff'd*, 774 F. App'x 761 (3d Cir. 2019) ("In sum, Plaintiffs cannot amend their Complaint by way of an opposition brief"). If Plaintiff wants to introduce new factual allegations on which to base his claims, he should seek leave to amend the Complaint, and the Defendants should be given

11

a full and fair opportunity to oppose that motion.  Plaintiff cannot and should not be allowed to circumvent this process through a purported request for judicial notice of unpleaded facts.

Plaintiff's purported request for judicial notice is all the more improper because it advances new arguments against dismissal after briefing has closed. Plaintiff characterizes his Request as providing "further support [for] Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint."  Req. at 1.  By Plaintiffs' own admission, then, the Request for Judicial notice amounts to an unauthorized sur-reply—a pleading that makes new arguments against dismissal over a month after briefing has closed.  Such supplemental argument is not permitted without leave of court.  *See* L.Civ.R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned.").

## II.     THE NEW ALLEGATIONS PLAINTIFF SEEKS TO INTRODUCE BY WAY OF MOTION ARE IRRELEVANT TO THE MERITS OF DEFENDANTS' MOTION TO DISMISS.

The Request for Judicial Notice should be denied for the additional reason that the Plea Documents have no bearing on whether Plaintiff's claims survive Defendants' Motion to Dismiss.  Plaintiff contends that the plea documents "confirm Plaintiff's allegations," but in resolving a motion to dismiss, the Court must assume that those allegations are true, *Santiago v. Warminster Twp.*, 629 F.3d

12

121, 130 (3d Cir. 2010).  There is thus no reason to take judicial notice of documents in order to confirm Plaintiff's allegations.  Moreover, despite Plaintiff's argument to the contrary, the Plea Documents are irrelevant to whether Plaintiffs' Complaint states a claim under the securities laws because they concern events outside the Class Period; do not reference or discuss any of the Class Period statements that are the basis for Plaintiff's securities fraud claims; and do not demonstrate the falsity of any such statement or the scienter of any Defendant.

A.    **The Plea Documents are Irrelevant to Whether Indivior's Class Period Disclosures Regarding the Relative Safety of Suboxone Film Were Materially Misleading.**

In arguing that the Plea Documents "admit" Plaintiff's allegations that Indivior misled investors concerning the relative safety of Suboxone Film  Req. at 2, 13), Plaintiff conflates the conduct underlying the criminal pleas—the submission of misleading pediatric safety data *to MassHealth by an employee of Solutions*—with statements *made publicly to investors in a securities filing*.[5] While Solutions and Mr. Thaxter stipulated to the truth of the government's allegations about the Solutions employee and related matters, they never admitted that any statement in any of the Company's securities filings was false or

[5] Req. at 12-13 ("Indivior's Form 20-F/A falsely stated that Indivior discontinued distribution of Suboxone tablets in 2012 'owing to pediatric safety concerns' and that Suboxone Film had 'additional safety and compliance features.' ¶ 68.  The Charging Documents state, and Defendants have now admitted, that Indivior made these same false and misleading claims about pediatric safety to Massachusetts health officials . . . .").)

13

misleading.  Nor would that be a reasonable inference from a Plea Document. That an employee of a subsidiary submitted misleading safety data to a Massachusetts regulator in 2012 has no bearing on whether different statements in Indivior's 2016 20-F securities filing regarding Suboxone Film were false or misleading when made.  In any event, as discussed in Defendants' Motion to Dismiss, the pleaded Class Period statements concerning safety (which, for the most part, merely recited the historical fact that Indivior had previously announced that it was withdrawing Suboxone Tablet from the market for safety reasons) were both true and immaterial.  MTD at 31-35.

 **B.** **The Plea Documents Are Irrelevant to Whether Indivior's Compliance Disclosures Were Materially Misleading.**

Plaintiff also argues that the Plea Documents are relevant to whether Indivior's statements about its code of conduct and compliance with the law were misleading.  The argument is untenable because Plea Documents concern conduct in 2012, *years before the Class Period*.  None of the pleaded compliance statements concern Indivior's compliance with laws or regulations during this period.  *Compare* Compl. ¶¶ 1 (the class period is "March 10, 2015 and April 9, 2019") *with* Ex. 5 at 27-29 (discussing submission of misleading information to MassHealth by Solutions employee in 2012).

In any event, as explained in detail in the Defendants' motion to dismiss, Indivior made no representations of compliance and specifically warned investors

14

about the risks of non-compliance. *See* MTD at 13-14. For example, Indivior's Form 20-F/A disclosed that there could "be no assurance that our required policies and procedures will be followed at all times or will effectively detect and/or prevent violations of applicable compliance regimes[.]" *Id.* at 14. Plaintiffs' claim based on compliance-related statements fails for this reason alone. MTD at 27-28.

### C. The Plea Documents Are Irrelevant to Whether Indivior's Disclosures Regarding the DOJ Investigation Were Materially Misleading.

When announcing its results for the third quarter of 2016, Indivior disclosed that it had recorded a $220 million reserve in connection with the investigation and litigations to which it was subject, Compl. ¶ 69, which it later increased to $438 million in early 2018, *id.* ¶¶ 14, 74. Plaintiff's Complaint alleges that these statements about loss reserves were misleading because they did not disclose (i) the DOJ would ultimately seek more than $3 billion in forfeiture from the Company, (ii) the reserves represented only a small fraction of what would be required for settlement, and (ii) Indivior faced exclusion from United States healthcare programs. Compl. ¶ 86. These claims fail for several reasons, and they are not rescued by the Plea Documents.

First, as explained in detail in Indivior's motion to dismiss, the Complaint fails to plead any facts demonstrating that either estimate was false or misleading based on the information *available to Indivior at the time*. MTD at 29-31. The

15

federal securities laws to do not require clairvoyance. *See, e.g.*, *Novak v. Kasaks,* 216 F.3d 300, 309 (2d Cir. 2000) ("Corporate officials need not be clairvoyant; they are only responsible for revealing those material facts reasonably available to them.") The mere fact, evidenced by the Plea Documents, that Indivior ultimately incurred monetary liability in excess of what it estimated earlier thus proves nothing; it is a classic claim of "fraud by hindsight" which is inactionable under the securities laws. *California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 158 (3d Cir. 2004) ("We have long rejected attempts to plead fraud by hindsight.").

Moreover, the terms of Indivior's agreement with the DOJ to resolve its investigation are consistent with Indivior's securities disclosures. While the $600 million Indivior has agreed to pay to resolve various civil and criminal claims is more than the $438 million it set aside in 2018, that possibility was disclosed by Indivior. Compl. ¶ 69 ("[T]he Company cannot predict with any certainty the ultimate resolution or cost of all the matters. The final amount might be materially different from this reserve.") The final settlement amount is also much closer to Indivior's loss reserve than the $3 billion in potential liability Plaintiff alleges Indivior should have disclosed during the Class Period *Compare* Compl. ¶¶ 69-70 *with id.* ¶ 86.

16

Similarly, Indivior has not been excluded from government health care programs. A subsidiary has been, but the impact of that exclusion is not material.[6] In any event, the possibility of exclusion from government health programs was fully disclosed, as discussed in Defendants' Motion to Dismiss. *See* MTD at 16, 30 n.4; Defs.'s Reply Br. ISO MTD (ECF No. 25) at 13.

**D.      The Guilty Pleas Do Not Demonstrate Scienter.**

Finally, the Plea Documents have no relevance to Plaintiff's allegations of scienter. None of the facts admitted in any of the guilty pleas establish that any Class Period statement was known to be false or misleading. Moreover, despite Plaintiff's repeated and misleading incantation that the "Defendants" admitted various facts in the Plea Documents, two of the three individual defendants did not plead guilty and have never been charged or made any admissions, and Plaintiff's argument that the Court should draw inferences of scienter from the guilty pleas entered by Thaxter and Baxter ignores the strict liability nature of the offenses to which they pleaded guilty.

Each pleaded guilty to a strict liability misdemeanor, under the responsible corporate officer doctrine, for causing the introduction into interstate commerce of a drug that is misbranded, in violation of 21 U.S.C. §§ 331(a) and 333(a)(1). *See*

---

[6] Press Release, Indivior PLC, "Indivior Announces Agreement to Resolve Criminal Charges and Civil Complaints Related to SUBOXONE® Film" (Jul. 24, 2020), http://indivior.com/wp-content/uploads/2020/07/Press-Release-FINAL.pdf.

17

Ex. 6 at 1; Ex. 9 at 1.  The responsible corporate officer doctrine permits the prosecution of corporate officers for Food Drug and Cosmetic Act violations *without the need to show their intent, willful conduct, or even any personal involvement in the underlying wrongdoing.*  *United States v. DeCoster*, 828 F.3d 626, 632 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 2160 (2017) (the doctrine allows liability "regardless of whether [the officers] were aware of or intended to cause the violation").  As a result, pleas entered pursuant to the doctrine do not demonstrate any level of intent—much less the fraudulent intent necessary to show scienter.  *See id*; *see also United States v. 42 Jars, More or Less, Bee Royale Capsules*, 264 F.2d 666, 670 (3d Cir. 1959) ("liability of corporate officers under the food and drug act is one at peril and no *mens rea* is involved").

The alleged wrongful conduct, as set out in Plea Documents, was committed by a Medical Affairs Manager at Solutions, who attended a meeting with MassHealth "alone," Ex. 5 ¶ 23; Ex. 8 ¶ 23, and then communicated data concerning rates of unintended pediatric exposure in Massachusetts, Ex. 5 ¶ 27; Ex. 8 ¶ 27.  Thaxter and Baxter did not plead guilty to making any of the allegedly false communications to MassHealth or even to knowing the Medical Affairs Manager would send incorrect information.  Instead, Thaxter and Baxter admitted only that they "had responsibility for and authority over Indivior Solutions, Inc." and that, as responsible officers of Indivior, they had "authority to either prevent

18

. . . or to promptly correct certain conduct" but "failed to prevent and correct the distribution of false and misleading unintended pediatric exposure data and marketing claims to MassHealth."  Ex. 5 ¶¶ 4, 7. 31; Ex. 8 ¶¶ 4, 7, 32.

If anything, the Plea Documents are *inconsistent* with Plaintiffs' claims of scienter.  They demonstrate that Thaxter and Baxter each took steps to correct the misleading submission to MassHealth in December 2015, after it came to management's attention.  Ex. 5 ¶ 31 ("After learning of the statement, THAXTER approved sending a correction letter to MassHealth"); Ex. 8 ¶ 31 ("BAXTER approved sending a correction letter to MassHealth at that time").  This is precisely the opposite of what you would expect if, as Plaintiff alleges, the Defendants were engaged in efforts to fraudulently conceal misconduct at the time.

Finally, it bears mention that, under DOJ policy, the Consumer Protection Branch is instructed "wherever possible to bring felony charges to deal with fraudulent behavior."  U.S. Dep't of Justice, United States Attorney's Manual 4-8.200 (2015), https://www.justice.gov/jm/jm-4-8000-consumer-protection. Despite seven years of investigation, DOJ (including the Consumer Protection Branch, which was involved in the investigation) did not do that here.  Neither Thaxter nor Baxter was convicted of a felony, much less any crime requiring criminal intent.  They pleaded guilty only to strict liability misdemeanors under the

19

responsible corporate officer doctrine—a far cry from the fraudulent conduct and intent necessary to demonstrate liability under the federal securities laws.

## CONCLUSION

For the foregoing reasons, Plaintiff's Request for Judicial Notice (ECF No. 28) should be denied.

Dated: September 24, 2020
   New York, New York

Respectfully submitted,

**COVINGTON & BURLING LLP**

By: */s/ Robert P. Haney, Jr.*
   Robert P. Haney, Jr.
C. William Phillips (*pro hac vice*)
Mark P. Gimbel (*pro hac vice*)

The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000
rhaney@cov.com
cphillips@cov.com
mgimbel@cov.com

*Attorneys for Defendants*

21