**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL VAN DORP, Individually and on behalf of all others similarly situated, | Case No: 2:19-CV-10792-ES-MAH |
| Plaintiff, | |
| v. | **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS REQUEST FOR JUDICIAL NOTICE** |
| INDIVIOR PLC, SHAUN THAXTER, MARK CROSSLEY, and CARY J. CLAIBORNE, | |
| Defendants. | |

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................ 1

II.   ARGUMENT.............................................................................. 5

  A.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE PLEA DOCUMENTS .... 5

  B.  THE COURT MAY TAKE JUDICIAL NOTICE OF THE EXISTENCE OF THE PLEA
      DOCUMENTS AND DEFENDANTS' STATEMENTS MADE THEREIN ...................... 9

  C.  THE PLEA DOCUMENTS SUPPORT PLAINTIFF'S ALLEGATIONS AND
      UNDERMINE DEFENDANTS' MOTION TO DISMISS.............................................. 13

III. CONCLUSION ......................................................................... 17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Colonial Penn Ins. Co. v. Coil*,
 887 F.2d 1236 (4th Cir. 1989)................................................................................. 9

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
 836 F.2d 173 (3d Cir. 1988)................................................................................. 6

*Daggett v. Waterfront Comm'n of New York Harbor*,
 2017 WL 3638872 (D.N.J. Aug. 24, 2017).......................................................... 6

*DBA Distribution Servs., Inc. v. All Source Freight Sols., Inc.*,
 No. CIV.A. 11-3901 JAP, 2012 WL 845929 (D.N.J. Mar. 13, 2012) .................. 6

*Desoto CAB Co., Inc. v. Picker*,
 228 F. Supp. 3d 950 (N.D. Cal. 2017) ................................................................ 12

*Grocery Mfrs. Ass'n v. Sorrell*,
 102 F. Supp. 3d 583 (D. Vt. 2015)...................................................................... 11

*In re Able Labs. Sec. Litig.*,
 No. CIV.A. 05-2681JAG, 2008 WL 1967509 (D.N.J. Mar. 24, 2008).............. 10

*In re Braskem S.A. Sec. Litig.*,
 246 F. Supp. 3d 731 (S.D.N.Y. 2017)........................................................... 7, 15

*In re Cognizant Tech. Sols. Corp. Sec. Litig.*,
 No. CV166509ESCLW, 2020 WL 3026564 (D.N.J. June 5, 2020) ................. 8, 9

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
 No. 16CIV3495ATBCM, 2017 WL 4049253 (S.D.N.Y. June 28, 2017)......... 8, 9

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
 No. 12-MD-2413 RRM RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) .. 14

ii

*In re Indian Palms Assocs., Ltd.*,
   61 F.3d 197 (3d Cir. 1995) ................................................................................ 14

*Jackson v. Broad. Music, Inc.*,
   No. 04 CV 5948 (TPG), 2006 WL 250524 (S.D.N.Y. Feb. 1, 2006) ................ 12

*Matter of Am. Biomaterials Corp.*,
   954 F.2d 919 (3d Cir. 1992) ................................................................................ 7

*Neblett v. Clairmont Paciello & Co., P.C.*,
   No. 4:15-CV-01622, 2016 WL 3181904 (M.D. Pa. June 8, 2016) .................... 12

*Network Managing Sols., LLC v. AT&T Inc.*,
   No. CV 16-295-RGA-MPT, 2017 WL 5195863 (D. Del. Nov. 9, 2017) ............. 9

*Osio v. DeMane*,
   No. CIV.A 05-2283(JLL), 2006 WL 2129460 (D.N.J. June 20, 2006) ........ 10, 11

*Pietrangelo v. Refresh Club, Inc.*,
   No. 18-CV-1943 (DLF), 2019 WL 2357379 (D.D.C. June 4, 2019) ................... 6

*Ponce v. Broker Sols., Inc.*,
   No. 6:20-03052-CV-RK, 2020 WL 4812699 (W.D. Mo. July 15, 2020) ........... 12

*Selkridge v. United of Omaha Life Ins. Co.*,
   360 F.3d 155 (3d Cir. 2004) .............................................................................. 12

*Sturgeon v. Pharmerica Corp.*,
   438 F. Supp. 3d 246 (E.D. Pa. 2020) ................................................................ 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ...................................................................................... 5, 14

**Rules**

Fed. R. Evid. 201(b) .................................................................................. 2, 5, 14

Fed. R. Evid. 201(c) ............................................................................................. 2

Fed. R. Evid. 201(d) .......................................................................................... 4, 6

Lead Plaintiff Michael Van Dorp ("Plaintiff"), by and through counsel, submits the following reply in further support his Request for Judicial Notice ("Request," Dkt. No. 28). Plaintiff requests the Court take judicial notice of the following ten documents, which were attached as Exhibits 1-10 to the Request:

| Ex. | Document |
|-----|----------|
| 1 | Resolution Agreement Between Indivior and the DOJ |
| 2 | Criminal Information Against Indivior Solutions |
| 3 | Plea Agreement Between Indivior Solutions and the DOJ |
| 4 | Minutes of Indivior Solutions' Initial Appearance and Guilty Plea Hearing |
| 5 | Criminal Information Against Shaun Thaxter |
| 6 | Plea Agreement Between Shaun Thaxter and the DOJ |
| 7 | Minutes of Shaun Thaxter's Initial Appearance and Guilty Plea Hearing |
| 8 | Criminal Information Against Timothy Baxter |
| 9 | Plea Agreement Between Timothy Baxter and the DOJ |
| 10 | Minutes of Timothy Baxter's Initial Appearance and Guilty Plea Hearing |

## I.    INTRODUCTION

In the Request, Plaintiff demonstrated that the Court should take judicial notice of the recent guilty plea agreements, $600 million settlement agreement, and related admissions by Indivior, Defendant Shaun Thaxter, and former Indivior executive Timothy Baxter (the "Plea Documents") in deciding Defendants' pending motion to dismiss ("Motion," Dkt. No. 20-1) the Amended Complaint ("AC," Dkt. No. 18). The Request also explained how the Plea Documents—which stemmed

1

from the DOJ's criminal indictment of Indivior for its fraudulent marketing and sales of its opioid product—support the Amended Complaint's central allegations that Defendants knowingly or recklessly made false and misleading statements about the safety of Indivior's opioid products for children, the Company's illegal marketing and sales of its opioid products, and the Company's liability for its criminal activities.

First, judicial notice is appropriate because the Plea Documents are public records of judicial proceedings in federal court, the facts of which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Indeed, the Court *must* take judicial notice of such facts if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c). Courts may take judicial notice of another court's docket, and courts routinely take judicial notice of plea agreements. *See* Request at 10-12.

Second, the Court may take judicial notice of the existence of the Plea Documents and the statements Defendants and Defendants' executives and subsidiaries make therein. The Request does not ask the Court to accept these statements for their truth. Defendants do not contest the fact that these statements were made.

Third, Defendants' admissions in the Plea Documents provide further support for the Amended Complaint's well-pleaded allegations that Defendants made false

2

and misleading statements about (i) the relative risks Indivior's opioid products posed to children, (ii) Indivior's compliance with all laws in its marketing of its opioid drugs, and (iii) Indivior's truthfulness with government agencies and healthcare professionals. Further, Indivior Solutions's guilty plea to a felony for "knowingly and willfully" making materially false statements about Suboxone's pediatric safety provides further support for the Amended Complaint's allegations that Defendants acted with scienter. Finally, Defendants' admissions in the Plea Documents undermine several of the arguments Defendants made in their pending Motion to Dismiss. For example, the Motion to Dismiss repeatedly argued that the Amended Complaint should be dismissed, in part, because the indictment against Indivior had not been adjudicated and no individuals had been charged. The Plea Documents directly undermine this argument: Defendant Thaxter, Indivior Solutions, and Baxter have now been charged and convicted in connection with the investigation.

Defendants' opposition to the Request ("Opp. to RJN, "Dkt. No. 29) fails to make any cogent argument against judicial notice. Defendants do not—and cannot—dispute that the admissions in the Plea Documents are adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Defendants do not challenge the authenticity of the Plea Documents or dispute the fact that Defendants and Baxter made certain admissions in the Plea

3

Documents. Nor do Defendants contest the fact that courts routinely take judicial notice of filings from other cases, including plea agreements.

In place of any serious argument against the Court taking judicial notice of the Plea Documents, Defendants instead complain about the timing of the Request, misstate the requirements for judicial notice, and rehash arguments already made in the pending motion to dismiss.

First, Defendants argue that judicial notice is improper because the pending motion to dismiss has been fully briefed. This argument is frivolous and contrary to black letter law that the Court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Tellingly, Defendants do not cite to a single case or other legal authority supporting this assertion. Indeed, courts routinely take judicial notice of facts that developed subsequent to the closing of briefing.

Second, Defendants argue that the Request is improper because it asks the Court to accept the "truth of the facts cited in the Plea Documents." Plaintiff is not asking the Court to accept Defendants' admissions in the Plea Documents for their truth; rather, Plaintiff requests that the Court take notice of the fact that Defendants made certain statements, pled guilty to certain of the crimes for which they were indicted, and paid $600 million to resolve criminal and other legal liabilities.

Third, Defendants argue that the Request should be denied because the Plea Documents would not be decisive to the pending motion to dismiss—either because

4

the Amended Complaint is already sufficiently pleaded to survive dismissal or because the Plea Documents, by themselves, do not demonstrate falsity or scienter. This argument fails because the question of what inferences the Court should draw from judicially noticed facts is independent of the decision to take judicial notice.

The Request is proper and should be granted.

## II.   ARGUMENT

### A.   The Court Should Take Judicial Notice of the Plea Documents

As Plaintiff demonstrated in the Request, the Court should take judicial notice of the Plea Documents in deciding Defendants' pending motion to dismiss. Request at 10-11; *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). The Plea Documents, including the statements made by Indivior and its executives therein, are facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Defendants argue that the Request should be denied because it was made after briefing of the pending to motion to dismiss had been completed. Defendants alternatively frame this argument by casting the Request as an "unauthorized sur-

reply." *See* Opp. To Request at 11-12 ("Attempting to introduce all of these new factual allegations with a motion to dismiss pending is patently improper.")[1] Defendants' argument has no merit—particularly when, as here, the guilty pleas were made after the Amended Complaint had been filed and after Defendants had filed their reply brief in support of their motion to dismiss. Tellingly, Defendants do not cite a single case or other legal authority where a request for judicial notice was rejected because it came after a motion to dismiss had been fully briefed. *See, e.g., Pietrangelo v. Refresh Club, Inc.*, No. 18-CV-1943 (DLF), 2019 WL 2357379, at *2 (D.D.C. June 4, 2019) (taking judicial notice of documents after closing of motion to dismiss briefing "to the extent they include admissions by a party opponent").

Indeed, it is black letter law that "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d); *see DBA Distribution Servs., Inc. v. All Source Freight Sols., Inc.*, No. CIV.A. 11-3901 JAP, 2012 WL 845929, at *3 (D.N.J. Mar. 13, 2012) ("courts may at any time take judicial notice of facts 'not subject to reasonable dispute' because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'"). As

---

[1] For this argument, Defendants rely on two inapposite cases holding that a plaintiff may not assert new facts in a brief in opposition to a motion to dismiss. *Id.* (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) and *Daggett v. Waterfront Comm'n of New York Harbor*, No. 16-CV-4314 (ES), 2017 WL 3638872, at *10 (D.N.J. Aug. 24, 2017), *aff'd,* 774 F. App'x 761 (3d Cir. 2019). Neither of these cases even mention judicial notice, much less involve a plaintiff requesting judicial notice.

Plaintiff demonstrated in the Request, courts routinely take judicial notice of newly developed facts after a motion to dismiss has been fully briefed. The result in similar circumstances in *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 749 (S.D.N.Y. 2017) is instructive. *See* Request at 11-12. In *Braskem*, the plaintiff alleged that defendants made false and misleading statements in their financial statements in violation of the Exchange Act. After briefing and oral argument on defendants' motions to dismiss had been completed, defendants entered into plea agreements with the DOJ admitting to their participation in a bribery scheme that related to certain of the plaintiff's allegations. *Id*., at 749 & n.3. The plaintiff requested that the court take judicial notice of the plea agreements, and the defendants opposed the request. *Id.* The court rejected the defendants' opposition, holding that plea agreements may be judicially noticed because they are "indisputable facts." *Id.* The court took judicial notice of the plea agreements and guilty pleas for the "purpose of noting the two companies' admission to a bribery scheme involving naphtha pricing consistent with that alleged in the SAC." *Id.* The same result should hold here.[2] *See Matter of Am. Biomaterials Corp.*, 954 F.2d 919, 922 (3d Cir. 1992) ("At the time

---

[2] Defendants fail to address the *Braskem* court's decision to take judicial notice—after the close of briefing on the motions to dismiss—of the defendant's guilty plea in a securities fraud action. Instead, Defendants note only that the court's decision to take judicial notice did not affect its decision on the motions to dismiss because the plaintiffs' claims were sufficiently pleaded without the judicially noticed facts. *See* Opp. to RJN at 10 & n.4.

7

this matter was before the lower courts MacKay and Russell were only alleged embezzlers, but since that time they have entered pleas of guilty to charges of embezzling from American. . . . We take judicial notice of their guilty pleas in affirming the district court's finding that MacKay and Russell were embezzling from American").

More fundamentally, Defendants' argument rests on a misunderstanding of how judicial notice works. Defendants argue that the Court may only take judicial notice of "certain documents that are integral to a complaint, or that conclusively establish the insufficiency of a plaintiff's allegations, what Plaintiff seeks to do here is different: Plaintiff seeks to introduce new facts, never before pleaded . . . ." Opp. to Request at 4. Defendants' baseless assertion that judicial notice can only be used to support a motion to dismiss—and cannot be used to support a complaint's allegations—is simply wrong. *See In re Cognizant Tech. Sols. Corp. Sec. Litig.*, No. CV166509ESCLW, 2020 WL 3026564, at *12 (D.N.J. June 5, 2020) (the court may consider items subject to judicial notice in deciding a motion to dismiss) (Salas, J.). For example, in *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16CIV3495ATBCM, 2017 WL 4049253, at *4–5 (S.D.N.Y. June 28, 2017), *aff'd sub nom. Sfiraiala v. Deutsche Bank Aktiengesellschaft*, 729 F. App'x 55 (2d Cir. 2018), the defendants opposed the plaintiffs' request that the court take judicial notice of a consent judgment against the defendants. The court granted the plaintiffs'

8

request to take judicial notice of the consent judgment because it was offered "to support Plaintiffs' allegations of [falsity]" and because there could not be a reasonable dispute over the document. *Id.*

Introducing new facts that have not previously been pleaded is precisely what judicial notice is used for, and judicial notice is equally available to plaintiffs and defendants. As demonstrated in the Request, judicial notice is the proper procedure for Plaintiff to bring the Plea Documents to the Court's attention. *See, e.g., Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records").[3]

**B.      The Court May Take Judicial Notice of the Existence of the Plea Documents and Defendants' Statements Made Therein**

The Request explained that courts routinely take judicial notice of other courts' dockets, including plea agreements and the statements made therein, because they are facts that can be accurately and readily determined from sources whose

---

[3] Further, on a motion to dismiss, courts do not need to use judicial notice to consider documents that are integral to a complaint—which is a separate mechanism. *See In re Cognizant Tech. Sols. Corp. Sec. Litig.*, No. CV166509ESCLW, 2020 WL 3026564, at *12 (D.N.J. June 5, 2020) ("The Court may consider [documents] incorporated by reference, integral to the claims in the SAC, ***or*** are items subject to judicial notice") (Salas, J.) (emphasis added); *Network Managing Sols., LLC v. AT&T Inc.*, No. CV 16-295-RGA-MPT, 2017 WL 5195863, at *4 (D. Del. Nov. 9, 2017), *report and recommendation adopted sub nom. Network Managing Sols., LLC v. AT&T Mobility, LLC*, No. CV 16-295-RGA, 2017 WL 11553316 (D. Del. Dec. 1, 2017) ("While the exhibits are publically available documents, judicial notice is not needed because they are explicitly relied on in the second amended complaint").

accuracy cannot reasonably be questioned. *See* Request at 10-11. Here, Plaintiff requests that the Court take notice of the Plea Documents for the facts that (i) Defendant Indivior agreed to pay $600 million to resolve criminal and civil liability associated with its marketing and sales of Suboxone; (ii) Defendant Thaxter pleaded guilty to a one-count information in connection with Indivior's misrepresentations to MassHealth regarding the pediatric safety of Suboxone Film; (iii) Indivior's wholly owned subsidiary Indivior Solutions pleaded guilty to a one-count felony criminal information for making false statements to MassHealth about the pediatric safety of Suboxone Film; (iv) Indivior's former global medical director pleaded guilty to a one-count information in connection with Indivior's misrepresentations to MassHealth regarding the pediatric safety of Suboxone Film; and (v) Defendants and Indivior's subsidiary and former executive made certain statements contained in the Plea Documents. Request at 5-10. Defendants do not dispute any of these facts, nor do Defendants dispute the accuracy of the Plea Documents as the source of these facts. Accordingly, the court should take judicial notice of the adjudicative facts. *See In re Able Labs. Sec. Litig.*, No. CIV.A. 05-2681JAG, 2008 WL 1967509, at *17 (D.N.J. Mar. 24, 2008) ("Among the public records a court may examine in order to resolve a motion to dismiss is a judicial proceeding from a different court or case"). For example, in strikingly similar circumstances in another Section 10(b) case, the plaintiffs in *Osio v. DeMane*, No. CIV.A 05-2283(JLL), 2006 WL 2129460, at *2

10

(D.N.J. June 20, 2006) requested that the court take judicial notice of the defendant's guilty plea to a one-count information charging him with making a materially false statement to the Office of Thrift Supervision. The court took judicial notice of the guilty plea in denying, in part, the defendant's motion to dismiss the complaint. *Id.* The same result should hold here.[4]

Defendants concede that the Court "may take judicial notice of 'publicly available records and transcripts from judicial proceedings'[]." Opp. to RJN at 8 (citing *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (taking judicial notice of filings in a separate case for the purpose of "recognizing what the parties . . . pled and argued")). Despite this concession, Defendants argue that the Request is "inappropriate" because it would require the Court to rely on the Plea Documents for their truth. Opp. to RJN at 8. This argument fails because the Court can take judicial notice of the statements made in the Plea Documents without accepting those statements for their truth. "In taking judicial notice of the materials submitted by the parties, the court does not accept or adjudicate the truth of the statements contained therein, but merely takes notice of the fact that the statements contained in the documents were made." *Grocery Mfrs. Ass'n v. Sorrell*, 102 F. Supp.

---

[4] Tellingly, Defendants do not address the *Osio* court's decision to take judicial notice of the *defendant's* guilty plea. Instead, Defendants point to the court's refusal to consider the *plaintiff's* guilty plea to unrelated and irrelevant charges for which the defendant never even requested judicial notice. *See* Opp. to RJN at 10-11.

11

3d 583, 599 (D. Vt. 2015).[5] Further, the Court can take judicial notice of the fact that Thaxter, Baxter, and Indivior Solutions pleaded guilty to crimes related to Indivior's false statements to MassHealth regarding the pediatric safety of Suboxone Film.

The Court should take judicial notice of the existence of the guilty pleas and resolution agreement and of the fact that Defendants made certain statements and admissions in the Plea Documents. *Cf. Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 164 (3d Cir. 2004) ("to the extent Judge Moore expressed that he was 'initially upset at the viciousness of the letter [by Attorney Rohn],' we do not purport to be taking judicial notice of the fact that Judge Moore was actually upset at Attorney Rohn. We take judicial notice for the more limited purpose of recognizing that Judge Moore made a public statement indicating that he was 'initially upset at the viciousness' of Attorney Rohn's letter").

---

[5] *See also Ponce v. Broker Sols., Inc.*, No. 6:20-03052-CV-RK, 2020 WL 4812699, at *3 (W.D. Mo. July 15, 2020) ("a court may take judicial notice of admissions made in a prior action when ruling on a motion to dismiss") (citation omitted); *Desoto CAB Co., Inc. v. Picker*, 228 F. Supp. 3d 950, 955 (N.D. Cal. 2017), *aff'd,* 714 F. App'x 783 (9th Cir. 2018) ("Judicial notice extends to the existence of the documents and the fact that the statements were made"); *Neblett v. Clairmont Paciello & Co., P.C.*, No. 4:15-CV-01622, 2016 WL 3181904, at *9 (M.D. Pa. June 8, 2016) ("[a]s part of the plea agreement, Brothers admitted the following facts, of which this Court now takes judicial notice . . ."); *Jackson v. Broad. Music, Inc.*, No. 04 CV 5948 (TPG), 2006 WL 250524, at *7 (S.D.N.Y. Feb. 1, 2006), *aff'd,* No. 06-2283-CV, 2007 WL 2914516 (2d Cir. Oct. 5, 2007) ("the court may take judicial notice of public records and of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action without converting the motion into one for summary judgment").

12

**C.    The Plea Documents Support Plaintiff's Allegations and Undermine Defendants' Motion to Dismiss**

Plaintiff explained in the Request that the Plea Documents support the allegations in the Amended Complaint and undermine Defendants' arguments in the pending motion to dismiss. First, the Plea Documents support the Amended Complaint's allegations that Defendants made false and misleading statements about the relative risks that Indivior's opioid products posed to children (¶¶ 13, 68); that Defendants falsely assured investors that Indivior provided only truthful information to government agencies and healthcare professionals and complied with all laws in the marketing of its drugs (¶¶ 13, 57, 60-61); and that the undisclosed risk of the government seeking to exclude Indivior from participation in federal health care programs had materialized (¶¶ 14, 62, 66, 69, 74, 80, 82, 85, 86; Opposition to MTD at 18-19, 33). Request at 12-16. Second, the Plea Documents undermine certain of Defendants' arguments in the motion to dismiss: (i) Defendants' attempt to diminish the significance of the Indivior indictments by arguing that neither the Individual Defendants nor other Indivior executives had been charged in connection with the investigation; and (ii) Defendants' argument that Indivior's false statements about the pediatric safety of Suboxone Film were no longer material once Indivior's efforts to prevent generic suboxone tablets from entering the market had failed. *Id.*

Defendants argue the Request should be denied because the Plea Documents "do not demonstrate the falsity of any" alleged misstatement "or the scienter of any

13

Defendant." Opp. to RJN at 13. This argument fails because it misstates both the facts and the law.

First, the question of whether or not the Plea Documents "demonstrate"[6] falsity or scienter is irrelevant to the question of whether or not the Court should take judicial notice of the Plea Documents. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *4 (E.D.N.Y. Aug. 29, 2013) ("[w]hether to take judicial notice is an inquiry separate and distinct from what inferences or conclusions to draw from the noticed material"). While Defendants may dispute the inferences and conclusions the Court should draw from the Plea Documents, they do not dispute that the guilty pleas, resolution agreement, and statements made therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995) ("it is not seriously questioned that the filing of documents in the case record provides competent evidence of certain facts—that a specific document was filed, that a party took a

---

[6] Defendants also appear to argue that the Plea Documents are only relevant if they, independently, demonstrate falsity or scienter. But in evaluating the sufficiency of the pleadings, the Court must inquire as to "whether *all* of the facts alleged," in both the Amended Complaint and matters of which the court may take judicial notice, "taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc.*, 551 U.S. at 323 (emphasis in original).

14

certain position, that certain judicial findings, allegations, or admissions were made").[7]

Second, Defendants' argument that the Plea Documents are "irrelevant" to Plaintiff's allegations and the Motion to Dismiss's arguments is contrary to the actual pleadings and arguments made in this case. For example, Defendants admit in the Plea Documents that Indivior materially misled MassHealth about the pediatric safety of Suboxone Film from 2012 through December 2015—nine months into the Class Period. These admissions—and the guilty pleas of Indivior Solutions, Thaxter, and Baxter to these criminal charges—are quite obviously relevant to Plaintiff's allegations that Defendants made materially misleading statements when assuring investors that Indivior and its employees acted honestly and in compliance with all laws in their interactions with health care providers and regulators.[8]

---

[7] Defendants also argue there is "no reason to take judicial notice of documents in order to confirm Plaintiff's allegations" because "in resolving a motion to dismiss, the Court must assume that those allegations are true." Opp. to RJN at 12-13. While Plaintiff believes the allegations in Amended Complaint are adequately pleaded, that is not a reason for the Court to refuse to take judicial notice. *See, e.g., In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 749 (S.D.N.Y. 2017) (taking judicial notice of defendant's guilty plea while stating that the judicially noticed facts were not necessary to find that certain allegations were adequately pleaded).

[8] *See* ¶57 ("We act responsibly and with integrity and interact with HCPs in accordance with applicable laws when providing information about our products"); *id.* ("We comply with the wide array of applicable laws and regulations concerning promotion of our products."); ¶78 (our compliance policies "ensure adherence to industry codes, laws and regulations in all the countries in which the Group operates").

15

Further, Defendants admit in the Plea Documents that Indivior "***knowingly and willfully***" made materially false statements about the pediatric safety of Suboxone Film from 2012 through December 2015 in order to increase Indivior's profits by reducing restrictions on reimbursements for Suboxone Film. Indivior Information (Ex. 2) ¶¶ 18-27 (emphasis added); *c.f.* Thaxter Information (Ex. 5) ¶¶ 20, 24-30; Baxter Information (Ex. 8) ¶¶ 20-31. This admission supports the Amended Complaint's scienter allegations that Defendants acted recklessly or knowingly. This admission also undermines Defendants' argument that Defendants' Class Period misstatements about the pediatric safety about Suboxone Film (¶68) could not have been material because they were made after generic versions of suboxone tablets had entered the market in March 2013 (*see* Opposition to MTD at 34-36).

Finally, the fact that Indivior was forced to pay $600 million to settle these claims—over 35 percent higher than the $438 million Company had reserved during the Class Period—strongly suggests that Indivior was forced to pay a premium to avoid exclusion from federal health care programs and that Defendants concealed this known risk from investors. *See* ¶¶ 14, 74-75, 86; Opposition to MTD at 4-5. Defendants' argument that this allegation is "fraud by hindsight" (Opp. to RJN at 16) is both irrelevant to the Request and nonsensical given that Plaintiff pleaded this

16

allegation before Indivior entered the Resolution Agreement to pay $600 million to resolve its civil and criminal liability.

## III.   CONCLUSION

For all of the above reasons, and those detailed in the Request, the Court should take judicial notice of the Plea Documents. In the event that the Court decides not to take judicial notice of the Plea Documents and grants Defendants' Motion to Dismiss, Plaintiff respectfully requests leave to file an amended complaint incorporating the Plea Documents.

Dated: October 19, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Laurence M. Rosen*
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

and

Daniel Tyre-Karp (admitted pro hac vice)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: dtyrekarp@rosenlegal.com

*Counsel for Plaintiff and the Class*

17