# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL VAN DORP, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>INDIVIOR PLC, SHAUN THAXTER, MARK CROSSLEY, and CARY J. CLAIBORNE,<br><br>    Defendants. | Case No. 2:19-cv-10792-ES-ESK<br><br>CLASS ACTION |

## DECLARATION OF MARGERY CRAIG
### CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

I, Margery Craig, declare as follows:

1.      I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over fourteen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over four-hundred fifty (450) class action cases since its inception.   Pursuant to the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement, dated September 16, 2021 (the "Preliminary Approval Order"), SCS was appointed and approved as Claims Administrator in connection with the Settlement of the above-captioned action.[1]  I submit this Declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 8, 2021 (the "Stipulation").

administration process.  I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

## MAILING OF POSTCARD NOTICE

2.       To provide actual notice to those persons and entities purchased or otherwise acquired any publicly-traded securities of Indivior PLC ("Indivior" or the "Company") listed on a domestic exchange in the United States, including American Depositary Receipts ("ADRs") of Indivior, or otherwise acquired securities of Indivior in a domestic transaction in the United States, during the period between March 10, 2015 and April 9, 2019, both dates inclusive (the "Settlement Class Period") pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class.  A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

3.       As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,002 banks and brokerage companies ("Nominee Account Holders"), as well as 1,234 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On September 23, 2021, SCS caused a letter to be mailed or e-mailed to the 2,236 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either send the Postcard Notice or email an electronic copy of the Summary Notice of Pendency and Proposed Securities Class Action Settlement ("Summary Notice") to their customers who may be

2

beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly mail Postcard Notice or email the Summary Notice directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

4.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 2 individuals and organizations identified in the transfer records that were provided to SCS by Counsel for Defendants.  These records reflect persons and entities that purchased Indivior shares for their own account, or for the account(s) of their clients, during the Settlement Class Period. The transfer record mailing was completed on September 27, 2021.

5.      Following these mailings, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers.  To date, SCS has mailed 8,853 Postcard Notices.[2]

6.      Additionally, SCS was notified by one of the nominees that they emailed 1,558 of their customers to notify them of this settlement and provide direct link to the Long Notice and Claim Form on the settlement website.

7.      In total 10,411 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Long Notice and Claim Form.

---

[2] Out of the 8,853 Postcard Notices mailed, we received eight requests from the potential Settlement Class Members to mail them the Notice of Pendency and Proposed Settlement of Securities Class Action ("Long Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Long Notice and Claim Form").  **Exhibit C** is the Long Notice and Claim Form.

8.     SCS also sent the Depository Trust Company ("DTC") a Long Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on September 23, 2021. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

9.     Out of the 8,853 Postcard Notices mailed, 268 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for 23, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 245 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 79 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

10.     Pursuant to the Preliminary Approval Order, the Summary Notice was published once on the *Globe Newswire* and in print once in the *Investor's Business* Daily on October 11, 2021, as shown in the confirmations of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and/or request a Long Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

12.     On September 23, 2021, SCS established a webpage on its website at www.strategicclaims.net/indivior/. The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains the current status; the case deadlines; the online claim filing link; and important

4

documents such as the Long Notice and Claim Form, the Preliminary Approval Order, and the Stipulation with exhibits.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Postcard Notice, Long Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than December 16, 2021.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received no exclusion requests.

14.     According to the Long Notice, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Lead Plaintiff must be submitted to Lead Counsel and Counsel for Defendants, as well as filed with the Clerk of the Court, no later than December 16, 2021.  As of the date of this Declaration, SCS has not received any objections.

## CLAIM FORM FILING STATUS

15.     To date, SCS has received 1,767 timely claim forms.  The deadline to submit a claim: (i) if electronically at SCS's website, was 11:59 p.m. EDT on December 7, 2021; or (ii) if by mail, postmarked no later than December 7, 2021.

16.     The statuses and preliminary recognized losses for the 1,767 timely claims are included in the table below. The numbers below do not include any adjustments as a result of SCS's quality assurance process, which includes the results of the cure/rejection process:

| Type of Claims | Number of Claims | Dollar Amount of the Recognized Losses | Shares Damaged |
|---|---|---|---|
| Valid | 108 | $235,132 | 56,438 |
| Deficient Claims with limited proof | 17 | $528,274 | 126,799 |
| Rejected Claims with no Recognized Losses | 1,642 | n/a | n/a |
| Total | 1,767 | $763,406 | 183,237 |

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 9th day of December 2021, in Media, Pennsylvania.

Margery Craig

**Court-Ordered Legal Notice
Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

Indivior PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

Case No. 2:19-cv-10792 (D.N.J.)

Case Pending in the United States District Court for the
District of New Jersey

*Michael Van Dorp v. Indivior PLC, et al.,* Case No. 2:19-cv-10792 (D.N.J.)
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/INDIVIOR/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The U.S. District Court for the District of New Jersey (the "Court") has preliminarily approved a proposed Settlement of claims against Indivior PLC ("Indivior"), Shaun Thaxter, Mark Crossley, and Cary J. Claiborne (collectively, the "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants allegedly made misrepresentations and/or omissions of material fact in various public statements to the investing public concerning Indivior's legal and regulatory compliance with the promotion of Suboxone Film. Defendants deny the allegations.

You received this notice because you may have purchased or otherwise acquired any publicly-traded securities of Indivior listed on a domestic exchange in the United States, including American Depositary Receipts ("ADRs") of Indivior, or otherwise acquired securities of Indivior in a domestic transaction in the United States, between March 10, 2015 and April 9, 2019, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $2,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Claim Forms"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Securities Class Action ("Notice") and Claim Form by visiting the website www.strategicclaims.net/Indivior/. You may request copies of the Notice and Claim Form by: (1) mail: Indivior PLC Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Claim Form, which can be found on the website www.strategicclaims.net/Indivior/. CLAIM FORMS ARE DUE BY DECEMBER 7, 2021 TO INDIVIOR PLC SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net/Indivior/. If you do not want to be legally bound by the Settlement, you must exclude yourself by December 16, 2021. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by December 16, 2021. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on January 6, 2022 at 11:00 a.m. at 50 Walnut Street, Courtroom MLK 5A, Newark, New Jersey 07102, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one-third of the Settlement Fund for their attorneys' fees, plus up to $35,000 in expenses, and Award to Lead Plaintiff of no more than $5,000 for litigating the cases and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. For more information, call toll-free 1-866-274-4004, or visit the website www.strategicclaims.net/Indivior/.


EXHIBIT B

**REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS**
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202       EMAIL: info@strategicclaims.net       FAX: (610) 565-7985

September 23, 2021

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED ANY PUBLICLY-TRADED SECURITIES OF INDIVIOR PLC LISTED ON A DOMESTIC EXCHANGE IN THE UNITED STATES, INCLUDING AMERICAN DEPOSITARY RECEIPTS (ADRs) OF INDIVIOR, OR OTHERWISE ACQUIRED SECURITIES OF INDIVIOR IN A DOMESTIC TRANSACTION IN THE UNITED STATES, DURING THE PERIOD BETWEEN MARCH 10, 2015 AND APRIL 9, 2019, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are: Defendants and their immediate families; the officers and directors of Indivior at all relevant times; their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Indivior PLC Securities Litigation*<br>Case No. 2:19-cv-10792-ES-ESK<br>Claim Filing Deadline: December 7, 2021<br>Objection Deadline: December 16, 2021<br>Exclusion Deadline: December 16, 2021<br>Settlement Hearing: January 6, 2022 | Cusip Number: 45579E105 |

**PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE**

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the Summary Notice or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have ten (10) calendar days to mail them; or
4. Request a link to the Summary Notice in electronic format and advise us that you will be emailing to your beneficial purchasers/owners within ten (10) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the Notice** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate used by the Claims Administrator if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice of Pendency and Proposed Settlement of Securities Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/Indivior/. You can also request a copy via email at info@strategicclaims.net. Thank you for your prompt response.

Sincerely,
Claims Administrator
Indivior PLC Securities Litigation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL VAN DORP, Individually And On Behalf Of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>         v.<br><br>INDIVIOR PLC, SHAUN THAXTER, MARK CROSSLEY, and CARY J. CLAIBORNE,<br><br>         Defendants. | Case No. 2:19-cv-10792-ES-ESK<br><br>CLASS ACTION |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SECURITIES CLASS ACTION**

If you purchased or otherwise acquired any publicly-traded securities of Indivior PLC ("Indivior" or the "Company") listed on a domestic exchange in the United States, including American Depositary Receipts ("ADRs") of Indivior, or otherwise acquired securities of Indivior in a domestic transaction in the United States, during the period between March 10, 2015 and April 9, 2019, both dates inclusive (the "Settlement Class Period"), you could get a payment from a class action settlement (the "Settlement") and your rights may otherwise be affected by the Settlement.

*A federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide two million dollars ($2,000,000) (the "Settlement Fund"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and Award to Lead Plaintiff, net of any taxes on interest, to pay claims of investors who purchased Indivior securities during the Settlement Class Period.

- Lead Plaintiff calculates that the Settlement represents an estimated average recovery of $0.37 per damaged share of Indivior securities, per Lead Plaintiff's estimate of damaged shares. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the Recognized Losses of all Settlement Class Members, the date(s) you purchased and sold Indivior securities, the purchase and sales prices, and the total number of claims filed.

- Attorneys for Lead Plaintiff ("Lead Counsel") will ask the Court to award them fees of up to one-third of the Settlement Amount ($666,666.67) plus interest, reimbursement of litigation expenses of no more than $35,000, and Award to Lead Plaintiff not to exceed $5,000. If approved by the Court, these amounts (which Lead Plaintiff calculates as totaling an average of $0.14 per estimated damaged share of Indivior securities) will be paid from the Settlement Fund.

- The average approximate recovery, after deduction of attorneys' fees and interest and expenses approved by the Court, is $0.23 per damaged share of Indivior securities. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share you should expect. Your actual recovery if you are a Settlement Class Member, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you

1

purchased and sold Indivior securities, the purchase and sale prices, and the total number of claims filed.

- The Settlement resolves all claims in the Action, including allegations that Defendants Indivior, Shaun Thaxter, Mark Crossley, and Cary J. Claiborne (collectively "Defendants") violated federal securities laws by allegedly making or permitting misrepresentations and/or omissions of material fact in various public statements concerning Indivior's legal and regulatory compliance, its promotion of Suboxone Film, and a related investigation which resulted in the U.S. Department of Justice filing criminal charges against the Company and certain executives. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability, or damage whatsoever Lead Plaintiff asserted. Defendants have also denied, among other things, the allegations that Lead Plaintiff or the Settlement Class have suffered damages or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form if You are a Settlement Class Member** | Fill out the attached Proof of Claim and Release Form and submit it no later than **December 7, 2021**. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **December 16, 2021.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing.** |
| **Object** | Write to the Court no later than **December 16, 2021** about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on **January 6, 2022**. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| Indivior PLC Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.:  866-274-4004<br>Fax:  610-565-7985<br>info@strategicclaims.net | **or** | Daniel Tyre-Karp<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel: (212) 686-1060<br>Fax: (212) 202-3827<br>dtyrekarp@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated February 8, 2021 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1.    **Why did I get this Notice?**

You or someone in your family may have purchased or otherwise acquired publicly-traded securities of Indivior listed on a domestic exchange in the United States, including ADRs of Indivior, or otherwise acquired securities of Indivior in a domestic transaction in the United States, between March 10, 2015 and April 9, 2019, both dates inclusive.

2.    **What is this lawsuit about?**

The case is known as *Michael Van Dorp v. Indivior PLC, et al.,* Case No. 2:19-cv-10792-ES-ESK (D.N.J.) (the "Action"). The Court in charge of the case is the United States District Court for the District of New Jersey.

The Action involves allegations that Defendants violated federal securities laws by allegedly making or permitting misrepresentations and/or omissions of material fact in various public statements concerning Indivior's legal and regulatory compliance, its promotion of Suboxone Film, and a related investigation which resulted in the U.S. Department of Justice filing criminal charges against the Company and certain executives.  The complaint alleges that the misstatements or omissions artificially inflated the price of Indivior's securities, and that the securities price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts or omissions on the part of the Defendants or any of the other Released Parties, or of any infirmity of any defense, or of any damages to the Lead Plaintiff or any other Settlement Class Member.

3.    **Why is this case a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members.

One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

The Parties do not agree regarding the merits of Lead Plaintiff's allegations and Defendants' defenses with respect to liability or the damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail at trial on each claim. The issues on which the Parties disagree include, without limitation: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants engaged in market manipulation; (3) whether Defendants acted with scienter, which means intent to deceive, manipulate, or defraud, including an extreme departure from the standards of ordinary care, presenting a danger of misleading buyers that is either known to the defendant or is so obvious that the actor must have been aware of it; (4) whether the alleged disclosures were corrective disclosures; (5) the causes of the loss in the value of the securities; and (6) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Lead Plaintiff or Defendants. Instead, the Parties have agreed to settle the case. Lead Plaintiff and Lead Counsel believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Lead Plaintiff and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, whether there was any market manipulation, and the amount of damages, if any.

Even if Lead Plaintiff were to win at trial, and also prevail on any on appeal, Lead Plaintiff might not be able to collect some, or all, of any judgment he would be awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Lead Plaintiff's allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially less than the Settlement.

**5.    How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired any publicly-traded securities of Indivior listed on a domestic exchange in the United States or otherwise acquired securities of Indivior in a domestic transaction in the United States, including (without limitation) all purchasers of Indivior ADRs, between March 10, 2015 and April 9, 2019, both dates inclusive.

**6.    Are there exceptions to being included in the Settlement Class?**

Yes.   Excluded from the Settlement Class are: Defendants and their immediate families; the officers and directors of Indivior at all relevant times; their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest. You are also excluded from the Class if you have a net profit in purchases and sales of Indivior securities or otherwise suffered no compensable damages during the Settlement Class Period. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

**7.      I am still not sure whether I am included in the Settlement Class.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/Indivior/, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.      What does the Settlement provide?**

**a.      What is the Settlement Fund?**

The proposed Settlement provides that Defendants have caused two million dollars ($2,000,000) (the "Settlement Fund") to be paid into the Escrow Account for the benefit of the Settlement Class. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any Award to Lead Plaintiff. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.      What can you expect to receive under the proposed Settlement if you are a Settlement Class Member?**

If you are a Settlement Class Member, your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold Indivior securities; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and the amount awarded to the Lead Plaintiff.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Lead Plaintiff's contention that because of the alleged misrepresentations made by Defendants, the price of Indivior securities was artificially inflated during the Settlement Class Period and that certain subsequent disclosures caused changes in the inflated price of Indivior securities. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www/strategicclaims.net/Indivior/.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:    The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

**THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:**

**(I)**    **Recognized Loss for the Company's ADSs Purchased or Otherwise Acquired During the Settlement Class Period will be calculated as follows:**

(A)    For ADSs purchased or otherwise acquired during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per ADS will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below) less the inflation per ADS upon sale (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus the sales price per ADS.

(B)    For ADSs purchased or otherwise acquired during the Settlement Class Period and sold during the period April 10, 2019 through July 8, 2019, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per ADS and the average closing ADS price as of date of sale provided in Table B below.

6

(C)    For ADSs purchased or otherwise acquired during the Settlement Class Period <u>and retained as of the close of trading on July 8, 2019</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus $2.80[1] per ADS.

| INFLATION TABLE A | |
| --- | --- |
| ADSs Purchased or Otherwise Acquired During the Settlement Class Period | |
| **Period** | **Inflation** |
| March 10, 2015 to February 14, 2018, inclusive | $6.42 per ADS |
| February 15, 2018 to April 9, 2019, inclusive | $4.49 per ADS |
| After April 9, 2019 | $.00 per ADS |

| TABLE B | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| 4/10/2019 | $2.30 | $2.30 | 5/10/2019 | $2.75 | $2.66 | 6/11/2019 | $2.80 | $2.79 |
| 4/11/2019 | $2.15 | $2.23 | 5/13/2019 | $2.70 | $2.66 | 6/12/2019 | $2.87 | $2.80 |
| 4/12/2019 | $2.44 | $2.30 | 5/14/2019 | $2.87 | $2.67 | 6/13/2019 | $2.83 | $2.80 |
| 4/15/2019 | $2.87 | $2.44 | 5/15/2019 | $3.29 | $2.69 | 6/14/2019 | $2.89 | $2.80 |
| 4/16/2019 | $2.88 | $2.53 | 5/16/2019 | $3.31 | $2.71 | 6/17/2019 | $2.73 | $2.80 |
| 4/17/2019 | $2.76 | $2.57 | 5/17/2019 | $3.07 | $2.73 | 6/18/2019 | $2.82 | $2.80 |
| 4/18/2019 | $2.83 | $2.60 | 5/20/2019 | $2.98 | $2.74 | 6/19/2019 | $2.88 | $2.80 |
| 4/22/2019 | $2.85 | $2.63 | 5/21/2019 | $3.00 | $2.75 | 6/20/2019 | $2.86 | $2.80 |
| 4/23/2019 | $2.81 | $2.65 | 5/22/2019 | $3.00 | $2.75 | 6/21/2019 | $2.74 | $2.80 |
| 4/24/2019 | $2.75 | $2.66 | 5/23/2019 | $3.10 | $2.77 | 6/24/2019 | $2.61 | $2.80 |
| 4/25/2019 | $2.72 | $2.67 | 5/24/2019 | $3.10 | $2.78 | 6/25/2019 | $2.65 | $2.79 |
| 4/26/2019 | $2.71 | $2.67 | 5/28/2019 | $3.00 | $2.78 | 6/26/2019 | $2.62 | $2.79 |
| 4/29/2019 | $2.50 | $2.66 | 5/29/2019 | $2.87 | $2.79 | 6/27/2019 | $2.62 | $2.79 |
| 4/30/2019 | $2.60 | $2.66 | 5/30/2019 | $2.82 | $2.79 | 6/28/2019 | $2.79 | $2.79 |
| 5/1/2019 | $2.47 | $2.64 | 5/31/2019 | $2.88 | $2.79 | 7/1/2019 | $2.97 | $2.79 |
| 5/2/2019 | $2.65 | $2.64 | 6/3/2019 | $2.88 | $2.79 | 7/2/2019 | $2.97 | $2.79 |
| 5/3/2019 | $2.67 | $2.64 | 6/4/2019 | $2.75 | $2.79 | 7/3/2019 | $3.00 | $2.80 |
| 5/6/2019 | $2.80 | $2.65 | 6/5/2019 | $2.88 | $2.79 | 7/5/2019 | $2.99 | $2.80 |
| 5/7/2019 | $2.60 | $2.65 | 6/6/2019 | $2.86 | $2.79 | 7/8/2019 | $2.92 | $2.80 |
| 5/8/2019 | $2.63 | $2.65 | 6/7/2019 | $2.86 | $2.80 | | | |
| 5/9/2019 | $2.68 | $2.65 | 6/10/2019 | $2.74 | $2.79 | | | |

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in the Company's ADSs during the Settlement Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."   $2.80 per ADS was the mean (average) daily closing trading price of the Company's ADSs during the 90-day period beginning on April 10, 2019 through and including on July 8, 2019.

suffered a trading loss on his, her or its overall transactions in the Company's ADSs during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of the Company ADSs shall not be deemed a purchase, acquisition or sale of ADSs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order.  Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases and sales of the Company ADSs during the period March 10, 2015 through and including July 8, 2019.  Indivior ADSs purchased or otherwise acquired and sold during the Settlement Class Period must have been sold at a loss and after an alleged corrective disclosure to qualify as a Recognized Loss.  Trading gains, if any, will have a Recognized Loss of $0.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.      How can I get a payment if I am a Settlement Class Member?**

To qualify for a payment if you are a Settlement Class Member, you must send in a form titled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice.  You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/Indivior/. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Indivior/ **by 11:59 p.m. EST on December 7, 2021**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than December 7, 2021**, to:

Indivior PLC Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

8

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10. What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class by the December 16, 2021 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Indivior securities during the Settlement Class Period. It also means that all of the Court's orders will apply to you and legally bind you. That means you will accept your allocated share, if any, of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale, or ownership of Indivior securities during the Settlement Class Period. The specific terms of the release are included in the Settlement Stipulation.

**11. How do I get out of the Settlement if I am a Settlement Class Member?**

If you are a Settlement Class Member, but you do not want to receive a payment from the Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims made in the Action, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Michael Van Dorp v. Indivior PLC, et al.,* Case No. 2:19-cv-10792-ES-ESK (D.N.J.)" and (B) states the date, number of shares and dollar amount of each Indivior securities purchase or acquisition during the Settlement Class Period, any sale transactions, and the number of shares of Indivior securities held by you as of the opening and closing of the Settlement Class Period. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of Indivior securities during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of the Indivior securities. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than December 16, 2021**, to the Claims Administrator at the following address:

Indivior PLC Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement of the Action, and you will not be legally bound by the judgment in this case.

12.   **If I am a Settlement Class Member and I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

13.   **If I am a Settlement Class Member, do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

14.   **How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third plus interest on the Settlement Amount ($666,666.67), reimbursement of litigation expenses of no more than $35,000 and Award to Lead Plaintiff not to exceed $5,000 to Lead Plaintiff. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

15.   **How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Lead Plaintiff, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Michael Van Dorp v. Indivior PLC, et al.,* Case No. 2:19-cv-10792-ES-ESK (D.N.J.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of Indivior securities during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses

they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers, and briefs to **each** of the addresses listed below, to be **received no later than December 16, 2021**:

| Clerk of the Court United States District Court District of New Jersey Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102 | LEAD COUNSEL: THE ROSEN LAW FIRM, P.A. Daniel Tyre-Karp 275 Madison Avenue 40th Floor New York, NY 10016 | COUNSEL FOR DEFENDANTS: COVINGTON & BURLING LLP Mark P. Gimbel The New York Times Building 620 Eighth Avenue New York, NY 10018 |
| --- | --- | --- |

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on **January 6, 2022, at 11:00 a.m.**, at the United States District Court, District of New Jersey, 50 Walnut Street, Courtroom MLK 5A, Newark, NJ 07102. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Lead Counsel will cause the Claims Administrator to update its website, on the page dedicated to this Settlement, to note the telephonic or other virtual means for the Settlement Hearing.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award Lead Plaintiff.

**18.    Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the other Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

**SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES**

If, between March 10, 2015 and April 9, 2019, both dates inclusive, you purchased, otherwise acquired, or sold Indivior securities, including (without limitation) Indivior ADRs, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address, if an email address is available, of each person or organization for whom or which you purchased such Indivior securities during such time period; (b) request an electronic copy of the Summary Notice and email the Summary Notice in electronic format to each beneficial owner for whom you are nominee or custodian within ten (10) days after receipt thereof; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of the Indivior securities. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Postcard Notice mailed, $0.05 per Summary Notice emailed, or $0.05 per name and address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: SEPTEMBER 16, 2021

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

12

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:  December 7, 2021**

IF YOU PURCHASED OR OTHERWISE ACQUIRED ANY PUBLICLY-TRADED SECURITIES OF INDIVIOR PLC ("INDIVIOR") LISTED ON A DOMESTIC EXCHANGE IN THE UNITED STATES ("U.S."), INCLUDING AMERICAN DEPOSITARY RECEIPTS OF INDIVIOR, OR OTHERWISE ACQUIRED SECURITIES OF INDIVIOR IN A DOMESTIC TRANSACTION IN THE U.S., BETWEEN MARCH 10, 2015 AND APRIL 9, 2019, BOTH DATES INCLUSIVE ("SETTLEMENT CLASS PERIOD"), AND WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE: DEFENDANTS AND THEIR IMMEDIATE FAMILIES; OFFICERS AND DIRECTORS OF INDIVIOR AT ALL RELEVANT TIMES; THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS; AND ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST. ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PERSONS WITH NO COMPENSABLE DAMAGES.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM BY 11:59 P.M. EST ON DECEMBER 7, 2021 AT WWW.STRATEGICCLAIMS.NET/INDIVIOR.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS CLAIM FORM, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN DECEMBER 7, 2021 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Indivior PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004; Fax:  610-565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY DECEMBER 7, 2021 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.  SUBMISSION OF A CLAIM FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

13

**CLAIMANT'S STATEMENT**

1.  I (we) purchased Indivior PLC ("Indivior") securities listed on a domestic exchange in the United States or otherwise acquired securities of Indivior in a domestic transaction in the United States during the Settlement Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase Indivior securities during the Settlement Class Period.)

2.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Securities Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Indivior securities, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Indivior securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a

14

partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation and Agreement of Settlement, dated February 8, 2021 ("Stipulation").

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties" has the meaning laid out in the Stipulation.

10. "Released Claims" has the meaning laid out in the Stipulation.

11. "Unknown Claims" has the meaning laid out in the Stipulation.

12.  I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/Indivior/ to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection.  All Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/Indivior/.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

15

INDIVIOR

## I.  CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN INDIVIOR PLC ("INDIVIOR") SECURITIES

**Beginning Holdings:**

A.  State the total number of shares of Indivior securities held at the close of trading on March 9, 2015 (*must be documented*).  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of Indivior securities on a domestic exchange or otherwise made in the United States between March 10, 2015 and July 8, 2019, both dates inclusive, and provide the following information (*must be documented)*:

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

16

INDIVIOR

**Sales:**

C.  Separately list each and every sale of Indivior securities on a domestic exchange or otherwise made in the United States between March 10, 2015 and July 8, 2019, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of shares of Indivior securities held at the close of trading on July 8, 2019 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Indivior securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

17

INDIVIOR

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐  Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

18

INDIVIOR

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED OR SUBMITTED NO LATER THAN DECEMBER 7, 2021 AND MUST BE MAILED TO:**

Indivior PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by December 7, 2021 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll-free at 866-274-4004 or by email at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page 18. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

Indivior PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**Josephine Bravata**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, October 11, 2021 8:00 AM |
| **To:** | jbravata@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Securities Class Action Settlement on Behalf of Purchasers of Indivior PLC securities – INVVY**

1

*Cross time: **10/11/21 08:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

2

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:    IBD Weekly
Address:    12655 Beatrice Street
City, State, Zip:    Los Angeles, CA 90066
Phone #:    310.448.6700
State of:    California
County of:    Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for __INDIVIOR PLC__ was printed in said publication on the following date(s):

### OCTOBER 11, 2021

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __11th__ day of __October__ , __2021__ , by _____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public · California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

# How To Read IBD Mutual Fund Tables

IBD tables have funds with 36-Month Performance Rating A+, A or A-, at least $200 million assets plus funds ranked by assets regardless of their performance. All other mutual funds are found at www.investors.com/ibd-data-tables. † denotes independent fund not part of family listed above. Each 36-Month Rating, vs. all other mutual funds, is recalculated monthly on a total return basis. Dividends and capital gains included. Daily accrual fund returns are calculated on a monthly basis. A+ = Top 5%, A = Top 10%, A- = Top 15%, B+ = Top 20%, B = Top 25%, B-=Top 30%, C+ =Top 35%, C = Top 40%, C- = Top 45%, D+ = Top 50%, D = Top 60%, D- = Top 70%, E = Below 70%. A+, A, A- and B+ 36-Month Ratings are boldfaced. Top 20% of funds in % performance yesterday are boldfaced. Performance of income funds may be compared to other income funds. b = assets used to pay 12(b)(1) plan distribution costs, r=redemption charge may apply, n=no initial load and appears after Net Asset Value, m=multiple fees, p=previous day's quote, s=split, x=ex-dividend or capital gains distribution. 5-Yr After Tax Rtn=5 year after-tax return assuming average income tax rate of 35% on dividends and 15% long-term capital gains rate.NAVChg is calculated vs. the prior session.

*[The mutual fund performance tables spanning the top portion of this page contain many thousands of individual fund listings organized alphabetically across multiple columns. Each entry includes: 36 Mo Performance Rating, Fund name, YTD % Chg, 12Wk % Chg, 5 Yr After Tax Rtn, Net Asset Value, and NAV Chg.]*

---

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re RTI Surgical Derivative Litigation | Master File No.: 1:20-CV-3347 (MFK) |
| | Judge: Hon. Matthew F. Kennelly |
| | Magistrate: Hon. Beth Jantz |

**SUMMARY NOTICE OF PROPOSED DERIVATIVE SETTLEMENT**

**TO: ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF THE COMMON STOCK OF SURGALIGN HOLDINGS, INC. ("SURGALIGN" OR THE "COMPANY") AS OF SEPTEMBER 10, 2021 (THE "RECORD DATE")**

PLEASE TAKE NOTICE that the above-captioned shareholder derivative action (the "Action") and a related demand to inspect the Company's books and records pursuant to 8 *Del. C.* §220 (the "Books and Records Demand," and, together with the Action, the "Actions") are being settled on the terms set forth in a Stipulation of Settlement, dated September 10, 2021 (the "Stipulation" or "Settlement").¹ Under the terms of the Stipulation, as part of the proposed Settlement, Surgalign will adopt certain corporate governance reforms. These reforms are intended to address the claims asserted in the Actions.

Surgalign's Board of Directors reviewed the derivative settlement parameters, and exercising its business judgment and mindful of its duties to stockholders, approved the Settlement. Surgalign agrees and acknowledges that the corporate governance reforms confer substantial benefit upon Surgalign and its stockholders. In light of the substantial benefits conferred upon Surgalign by Stockholders' Counsel's efforts, the Company and Stockholders' Counsel have participated in negotiations regarding the attorneys' fee and expenses to be paid by Surgalign's insurers to Stockholders' Counsel. If the negotiations do not result in an agreed upon amount, Stockholders' Counsel intend to seek a Fee and Expense Amount up to One Million Five Hundred Thousand ($1,500,000) Dollars and the issue shall be submitted to the Court for its determination.

IF YOU WERE A RECORD OR BENEFICIAL OWNER OF SURGALIGN COMMON STOCK AS OF SEPTEMBER 10, 2021, PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE ABOVE-REFERENCED LITIGATION.

On January 24, 2022, at 8:45 a.m., a hearing (the "Settlement Hearing") will be held telephonically to determine whether: (1) the terms of the proposed Settlement should be approved as fair, reasonable, and adequate; (2) any negotiated attorneys' fees and expense award to Stockholders' Counsel is fair, reasonable and adequate or, if the Settling Parties have not agreed to any such award, the appropriate amount for an attorneys' fees and expense award to Stockholders' Counsel; (3) Service Awards to each of the Stockholders to be paid out of any attorneys' fees and expense award should be approved; (4) a final judgment should be entered and the Actions should be dismissed with prejudice on the terms set forth in the Stipulation; and (5) such other matters as may be necessary and proper under the circumstances.

The Court has the right to change the hearing date, time, or platform (in person or via video) without further notice. Thus, if you are planning to participate in the Settlement Hearing, you should confirm the date, time and platform (in person, via video, or telephonically) before going to the Court, and you may consult the Court's calendar and/or Surgalign's website at the Investor Relations page at https://ir.surgalign.com for any change in date or time of, or platform used for, the Settlement Hearing.

Any Surgalign stockholder that objects to the Settlement shall have a right to appear in person (or telephonically or via any video platform as may be designated by the Court) and to be heard at the Settlement Hearing, provided that he, she, or it was a stockholder of record or beneficial owner as of September 10, 2021. Any Surgalign stockholder who satisfies this requirement may enter an appearance through counsel of such stockholder's own choosing and at such stockholder's own expense, or may appear on their own. However, no stockholder of Surgalign shall be heard at the Settlement Hearing unless, no later than January 3, 2022, such stockholder has filed with the Court and counsel for parties, a written notice of objection containing the following information:

1. Your name, legal address, and telephone number;
2. The case name and number (In *re RTI Surgical Derivative Litigation*, Master File No.: 1:20-CV-3347 (MFK).
3. Proof of being a Surgalign stockholder as of the Record Date, September 10, 2021.
4. The date(s) you acquired your Surgalign shares;
5. A statement of each objection being made;
6. Notice of whether you intend to appear at the Settlement Hearing. You are not required to appear; and
7. Copies of any papers you intend to submit, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony.

Only stockholders who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

If you wish to object to the proposed Settlement, you must file the written objection described above with the Court and counsel for the parties on or before January 3, 2022.

Any Surgalign stockholder as of September 10, 2021, who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and/or to any award of attorneys' fees and expenses to Stockholders' Counsel or Service Awards, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

If you have any questions about matters in this Notice, you may contact:

| Co-Lead Counsel for Plaintiffs: | | Counsel for Stockholder | | Surgalign's Counsel: | Or | Counsel for Defendants Camille I. |
|---|---|---|---|---|---|---|
| Matthew M. Houston | And | John Schweigert: | And | James W. Ducayet | | Farhat, Jonathon Singer, Peter F. |
| Benjamin I. Sachs-Michaels | | | | **Sidley Austin LLP** | | Gearen, Thomas A. McEachin, Curtis |
| **Glancy Prongay & Murray LLP** | | Melinda A. Nicholson | | One South Dearborn | | M. Selquist, Mark D. Stolper, |
| 712 Fifth Avenue, 31 Floor | | **Kahn Swick & Foti, LLC** | | Chicago, Illinois 60603 | | Christopher R. Sweeney, Paul G. |
| New York, NY 10019 | | 1100 Poydras Street, Suite 3200 | | (312) 853-7621 | | Thomas, Nicholas J. Valeriani, and |
| (212) 935-7400 | | New Orleans, LA 70163 | | | | Shirley A. Weis: |
| | | (504) 455-1400 | | | | |
| Or | | | | | | Martin G. Durkin |
| | | | | | | **Holland & Knight LLP** |
| Timothy Brown | | | | | | 150 N. Riverside Plaza Suite 2700 |
| **The Brown Law Firm, P.C.** | | | | | | Chicago, IL 60606 |
| 767 Third Avenue, Suite 2501 | | | | | | (312) 853-7000 |
| New York, NY 10017 | | | | | | |
| (516) 922-5427 | | | | | | Louise McAlpin |
| | | | | | | Stephen P. Warren |
| | | | | | | Allison Kernisky |
| | | | | | | **Holland & Knight LLP** |
| | | | | | | 701 Brickell Avenue Suite 3300 |
| | | | | | | Miami, FL 33131 |
| | | | | | | (305) 374-8500 |

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

DATED: September 30, 2021

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

¹ This notice should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the United States District Court for the Northern District of Illinois. A link to the Form 8-K filed with the U.S. Securities and Exchange Commission ("SEC") containing the text of the Stipulation together with the Exhibits annexed thereto may be found on the Company's website at the Investor Relations page at https://ir.surgalign.com. All capitalized terms herein have the same meanings as set forth in the Stipulation.

---

**UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL VAN DORP, Individually And On Behalf Of All Others Similarly Situated, Plaintiff, | Case No. 2:19-cv-10792-ES-ESK |
| v. | |
| INDIVIOR PLC, SHAUN THAXTER, MARK CROSSLEY, and CARY J. CLAIBORNE, Defendants. | CLASS ACTION |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SECURITIES CLASS ACTION SETTLEMENT**
**TO: ALL PERSONS WHO PURCHASED OR ACQUIRED ANY PUBLICLY-TRADED SECURITIES OF INDIVIOR PLC LISTED ON A DOMESTIC EXCHANGE IN THE UNITED STATES, INCLUDING AMERICAN DEPOSITARY RECEIPTS OF INDIVIOR PLC, OR OTHERWISE ACQUIRED SECURITIES OF INDIVIOR PLC IN A DOMESTIC TRANSACTION IN THE UNITED STATES, BETWEEN MARCH 1, 2015 THROUGH APRIL 9, 2019, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey, that a hearing will be held on January 6, 2022, at 11:00 a.m. before the Honorable Esther Salas, United States District Judge of the United States District Court for the District of New Jersey, 50 Walnut Street, Courtroom MLK 5A, Newark, New Jersey 07102 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $2,000,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for attorneys' fees of up to one-third of the Settlement Amount ($666,666.67) plus a proportionate share of interest accrued on the Settlement Amount, Lead Counsel's reimbursement of litigation expenses incurred of not more than $35,000, and Award to Lead Plaintiff of not more than $5,000, should be approved; and (4) whether the Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated February 8, 2021 (the "Settlement Stipulation"). The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

If you purchased or otherwise acquired any publicly-traded securities of Indivior listed on a domestic exchange in the United States, including any American Depositary Receipts ("ADRs") of Indivior, or otherwise acquired securities of Indivior in a domestic transaction in the United States, between March 10, 2015 through April 9, 2019, both dates inclusive ("Settlement Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Indivior securities. You may obtain copies of the detailed Notice of Pendency and Proposed Settlement of Securities Class Action ("Notice") and the Proof of Claim and Release Form by writing to or calling the Claims Administrator: Indivior PLC Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (Tel) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. You can also download copies of the Notice and submit your Proof of Claim and Release Form online at www.strategicclaims.net/ Indivior/. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form electronically or postmarked no later than December 7, 2021 to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you are a Settlement Class Member and desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than December 16, 2021, in the manner and form explained in the detailed Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection by a Settlement Class Member to the Settlement, Plan of Allocation, Lead Counsel's requests for an award to Lead Counsel of attorneys' fees and reimbursement of expenses and Award to Lead Plaintiff must be in the manner and form explained in the detailed Notice and received no later than December 16, 2021, by each of the following:

| Clerk of the Court | LEAD COUNSEL: | COUNSEL FOR DEFENDANTS: |
|---|---|---|
| United States District Court | THE ROSEN LAW FIRM, P.A. | COVINGTON & BURLING LLP |
| District of New Jersey | Daniel Tyre-Karp | Mark P. Gimbel |
| Martin Luther King Building | 275 Madison Avenue | The New York Times Building |
| & U.S. Courthouse | 40ᵗʰ Floor | 620 Eighth Avenue |
| 50 Walnut Street, Newark, NJ 07102 | New York, NY 10016 | New York, NY 10018 |

If you have any questions about the Settlement, you may call or write to Lead Counsel:

THE ROSEN LAW FIRM, P.A.
Daniel Tyre-Karp
275 Madison Avenue, 40ᵗʰ Floor, New York, NY 10016
Tel: (212) 686-1060, dtyrekarp@rosenlegal.com
**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**
Dated: September 16, 2021

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY