# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL VAN DORP, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>         Plaintiff,<br><br>   v.<br><br>INDIVIOR PLC, SHAUN THAXTER, MARK CROSSLEY, AND CARY J. CLAIBORNE,<br><br>         Defendants. | Case No. 2:19-cv-10792-ES-ESK<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES**<br><br>Motion Day: January 6, 2022<br><br>Hon. Esther Salas |

Lead Plaintiff Michael Van Dorp ("Plaintiff") and Lead Counsel, The Rosen Law Firm P.A. ("Lead Counsel"), respectfully submit this memorandum in further support of: (1) Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 49-50, 53; the "Final Approval Motion"); and (2) Lead Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses (ECF Nos. 51-53; the "Fee and Expense Motion").[1] This memorandum updates the Court on the status of the Class notice program and the Class's reaction thereto, including the fact that there has ***not been a single objection*** to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, and there has not been a single request for exclusion from the Class.

## I.   INTRODUCTION

After nearly two years of hard-fought litigation, Plaintiff submitted a $2.0 million all cash, non-reversionary settlement for approval by the Court. The reaction of the Settlement Class confirms that the Settlement is an excellent result. Following an extensive notice program, including the mailing of 8,853 Notice Postcards to

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 8, 2021 (ECF No. 42-1, the "Stipulation") or the Declaration of Laurence Rosen in Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation; and Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Award to Lead Plaintiff, filed with the Court on December 9, 2021 (ECF No. 53).

potential Settlement Class Members and nominees, no objections or requests for exclusion have been filed with the Court or received. *See* Supplemental Declaration Of Margery Craig Concerning: (A) Mailing Of The Postcard Notice; And (B) Report On Requests For Exclusion And Objections (filed concurrently herewith; "Suppl. Craig Decl."), ¶¶ 2, 5-6. The Settlement Class's exceedingly positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees and reimbursement of Litigation Expenses.

Significantly, each Settlement Class Member will be receiving not less than 100% of their compensable losses from the Settlement, even after payment of the requested one-third legal fees and $23,878.02 of expenses. This is an excellent result for Settlement Class Members and a sound basis to grant the requested fees and expenses.

Accordingly, for all the reasons set forth herein, and in the opening papers filed with the Court on December 9, 2021, the Final Approval Motion and the Fee and Expense Motion should be granted.

## II.   THE CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A.   The Court-Approved Notice Program

Pursuant to the Court's Preliminarily Approval Order, a total of 8,853 Postcard Notices to potential Settlement Class Members and nominee holders. *See*

2

Suppl. Craig Decl., ¶ 2. Additionally, a total of 1,558 email notices of the Settlement have been sent by nominees to their clients. *See Id*. In total 10,411 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a link of the Long Notice and Claim Form. *Id*. Moreover, the Summary Notice was published in *Investor's Business Daily* and transmitted over *Globe Newswire* on October 11, 2021.[2] The dedicated settlement website (www.strategicclaims.net/indivior/) contains the current status; the case deadlines; the online claim filing link; and important documents such as the Long Notice and Claim Form, the Preliminary Approval Order, and the Stipulation with exhibits. *See* Craig Decl., ¶ 12. The Notice, Summary Notice, and settlement website informed Settlement Class Members of December 16, 2021 deadline to submit an objection to the Settlement, Plan of Allocation or fee and expense application, or to request exclusion from the Class. *See* Craig Decl., ¶¶ 13-14.

On December 9, 2021, seven (7) days prior to the objection deadline, Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense application. The motions were supported by the declarations of Plaintiff, Lead Counsel, and the Claims Administrator. These papers are available on the public docket. *See* ECF Nos. 49-53.

---

[2] *See* Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests For Exclusions and Objections ("Craig Decl."), dated December 9, 2021 (ECF No. 53-2, "Craig Decl."), ¶ 10, and Ex. D.

Following this extensive notice program, ***not a single objection*** has been filed with respect to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses, or to Plaintiff's request for an award of his reasonable costs and expenses. *See* Suppl. Craig Decl., ¶ 6. Moreover, ***not a single request for exclusion*** has been submitted. *See id.*, ¶ 5.

B.    **The Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Request**

Plaintiff and Lead Counsel respectfully submit that the exceptionally positive response from the Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement[.]"); *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *5 (D.N.J. July 29, 2013) ("Lead Counsel did not receive a single objection to the Settlement, nor did Lead Counsel receive any valid requests for exclusion. Given the size of the class, the lack of any objections or exclusions strongly supports approval of the Settlement.").[3]

---

[3] *See also Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (concluding that, when "only" 29 members of a class of 281 objected, the response of the class as a whole "strongly favors settlement"); *In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 629 (E.D. Penn. 2004) ("No class members objected to either settlement. This fact strongly militates a finding that the settlement is fair and reasonable. '[T]his unanimous approval of the proposed settlement[ ] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement.'") (internal citations omitted).

The favorable reaction of the Class also supports approval of the Plan of Allocation. *See In re Datatec Systems, Inc. Sec. Litig.*, 2007 WL 4225828, at *5 (D.N.J. Nov. 28, 2007) (fact that "no class members have objected to the Plan of Allocation or the Settlement" supports approval); *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation, which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the absence of any objections from Class Members to the Fee and Expense Motion, including Plaintiff's request for reimbursement of their costs and expenses incurred as a direct result of their representation of the Settlement Class pursuant to the PSLRA (15 U.S.C. § 78u–4(a)(4)), strongly supports a finding that the fee and expense request is fair and reasonable. *See In re Sterling Fin. Corp. Sec. Class Action*, 2009 WL 2914363, at *2 (E.D. Pa. Sept. 10, 2009) (where there were only two objections to the fee request, "this factor weigh[ed] strongly in favor of approving the requested fee award."); *Par Pharm.*, 2013 WL 3930091, at *11 (awarding lead plaintiff $18,000 under the PSLRA "to compensate it for its reasonable costs and expenses incurred in managing this litigation and representing

5

the Class" where class members were provided notice and "Lead Counsel received no objections."); *Sun v. Han, et al.*, Case No. 2:15-cv-00703-JMV-MF, ECF No. 79, slip op. at 2-3 (D.N.J. Mar. 9, 2018) (awarding 33⅓% of settlement fund, reimbursement of expenses, and $20,000 PSLRA award to Plaintiff where "[t]here were no objections to the request for attorneys' fees or reimbursement of litigation expenses.").[4]

In sum, the universally favorable reaction of the Class is strong evidence that the Settlement is fair, reasonable and adequate, the proposed Plan of Allocation of the Settlement proceeds is fair and equitable, and Lead Counsel's fee and expense request is reasonable.

## III.    THE CLASS'S RECOVERY BASED ON THE CLAIMS FILED SUPPORTS APPROVAL

The Claims Administrator has provided a preliminary tally of the number and value of the claims filed to date, as shown below:

---

[4] *See also Elkin v. Walter Investment Management Corp.*, 2018 WL 8951073, at *2 (E.D. Pa. Dec. 18, 2018) (awarding 33⅓% of settlement fund, reimbursement of expenses, and $10,000 PSLRA award to Plaintiff prior to a decision on motion to dismiss, where "[t]here were no objections to the requested Attorneys' Fees and Litigation Expenses."); *Boone v. City of Philadelphia,* 668 F. Supp. 2d 693, 713 (E.D. Pa. 2009) (single objection to the proposed attorneys' fees "weighs in class counsels' favor."); *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2008 WL 63269, at *4 (E.D. Pa. Jan. 3, 2008) ("A lack of objections demonstrates that the Class views the settlement as a success and finds the request for counsel fees to be reasonable."); *In re Aetna Inc. Sec. Litig.*, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("[T]he Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award.").

| Type of Claims | Number of Claims | Dollar Amount of Recognized Losses[5] |
|---|---|---|
| Valid | 108 | $235,132 |
| Deficient (limited or no proof) | 17 | $528,274 |
| Total | 125 | $763,406 |

Craig. Decl., ¶ 16.

As indicated above, to date, the Claims Administrator has received a total of 125 claims with Recognized Losses.[6] Of these claims, 108 are valid, representing Recognized Losses in the amount of $235,132. The remaining 17 claims are deficient—meaning that the claimant failed to submit proper documentation, such as brokerage statements, but will be given the opportunity to provide the information. These claims represent Recognized Losses in the amount of $528,274.[7]

Adding up the Recognized Losses for the valid and deficient claims results in total Recognized Losses in the amount of $763,406. The settlement fund is $2.0 million. This means that Settlement Class Members who submitted timely, valid claims will recover at least 100% of their Recognized Losses, even after deducting

---

[5] Recognized Losses were determined using the formula set forth in the Court-approved Plan of Allocation.

[6] Claims typically continue to come in after the claims filing deadline. These claims will be processed by the Claims Administrator until doing so will delay distribution of the Net Settlement Fund, at which point Lead Counsel will ask the Court to accept all valid claims, as well as those claims that are late, but otherwise valid.

[7] The Claims Administrator also received 1,642 claims with no Recognized Losses. Craig Decl. ¶ 16. Those claims will be rejected.

the request for one-third of the settlement as attorneys' fees, $18,878 in litigation expenses, and a $5,000 award to Plaintiff. That the Settlement Class's actual recovery is at least 100% of Recognized Losses is an excellent result and supports approval of this Settlement.

## IV.   CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of Litigation Expenses.

Dated: December 30, 2021           Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence M. Rosen
Laurence M. Rosen
One Gateway Center
Suite 2600
Newark, NJ 07102
Tel:  (973) 313-1887
Fax: (973) 833-0399

Daniel Tyre-Karp
275 Madison Ave, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

*Counsel for Lead Plaintiff and the Class*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2021 a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Laurence M. Rosen*
Laurence M. Rosen

9