**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL VAN DORP, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INDIVIOR PLC, SHAUN THAXTER, MARK CROSSLEY, and CARY J. CLAIBORNE,<br><br>Defendants. | Case No. 2:19-cv-10792-ES-ESK<br><br>CLASS ACTION<br><br>Motion Day: April 17, 2023<br><br>Hon. Esther Salas |

**[PROPOSED] ORDER GRANTING MOTION FOR DISTRIBUTION
OF CLASS ACTION SETTLEMENT FUNDS**

Lead Plaintiff Michael Van Dorp moved this Court for an order approving distribution of the Net Settlement Fund in the above-captioned action (the "Action"). Having reviewed and considering all the materials and arguments submitted in support of the motion, IT IS HEREBY ORDERED that:

1.    The motion is granted in its entirety, and the Court approves the administrative determinations of Strategic Claims Services ("SCS"), the Court-

1

appointed Claims Administrator, in accepting and rejecting the Proof of Claim and Release forms ("Claim Forms" or "Claims").[1]

2.      The Net Settlement Fund established by the settlement of this Action shall be distributed to Authorized Claimants identified in Exhibits B to the Declaration of Margery Craig in Support of Lead Plaintiff's Motion for Distribution of Class Action Settlement Funds ("Craig Declaration"), at the direction of Lead Counsel, The Rosen Law Firm, P.A., pursuant to the Stipulation, and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's Order Granting Motion for Preliminary Approval of Class Action Settlement (ECF No. 48).

3.      SCS's administrative determinations rejecting the ineligible or otherwise deficient Claims, which are set forth in Exhibits D and E of the Craig Declaration, are approved. Such claims may not receive any distributions from the Settlement Fund.

4.      Any Claims or responses to deficiencies that are received after June 13, 2022, and any responses to deficiency and/or rejection notices received after June 30, 2022, are hereby rejected as untimely and shall not be accepted.

---

[1] This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court on February 9, 2021, ECF No. 42-1, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

5.      All distribution checks shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6.      Consistent with the Stipulation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who receive at least a $10.00 payment; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such

balance shall be contributed to a non-sectarian not-for-profit organization chosen by Lead Counsel.  Stipulation at ¶7.7.

7.    SCS is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than three (3) years after all distributions of the Net Settlement Fund to the eligible claimants.

8.    The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems  appropriate.


IT IS SO ORDERED


Dated: _____        _____
                                   HON. ESTHER SALAS
                                   UNITED STATES DISTRICT JUDGE