**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL VAN DORP, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INDIVIOR PLC, SHAUN THAXTER, MARK CROSSLEY, and CARY J. CLAIBORNE,<br><br>Defendants. | Case No. 2:19-cv-10792-ES-ESK<br><br>CLASS ACTION<br><br>Motion Day: April 17, 2023<br><br>Hon. Esther Salas |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

# TABLE OF CONTENTS

**PROCEDURAL BACKGROUND** ...........................................................................1

**I.   DETERMINATION OF AUTHORIZED CLAIMS** ....................................2

  **A.  Valid and Properly-Documented Claims** ......................................................3

  **B.  Deficient and Ineligible Claims** ...................................................................4

    **1.   Inadequately Documented Claims**............................................................4

    **2.   Claims Rejected for Reasons Other than Inadequate Documentation**..4

  **C.  Claims Received After June 16, 2022 Should be Rejected as Untimely**....5

**II.   PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND**......6

**III.   CONCLUSION** ...........................................................................................7

i

# TABLE OF AUTHORITIES

**Cases**

*Hartman v. Powell*,
   No. 00-5356, 2001 WL 410461 (D.C. Cir. Mar. 15, 2001)....................................5
*In re Citigroup Inc. Sec. Litig.*,
   No. 07-CV-9901 SHS, 2014 WL 7399039 (S.D.N.Y. Dec. 29, 2014) ..................5

Lead Plaintiff Michael Van Dorp ("Lead Plaintiff"), on behalf of himself and the Class, respectfully submits this memorandum of law in support of his motion for distribution of the Net Settlement Fund.[1] For the reasons set forth herein and in the accompanying Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Declaration" or "Craig Decl."), filed herewith, prepared on behalf of Strategic Claims Services ("SCS" or the "Claims Administrator"), Lead Plaintiff respectfully requests that the Court enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds ("Proposed Distribution Order").

If entered by the Court, the Distribution Order would, among other things: (i) approve SCS's administrative recommendations accepting and rejecting Claims submitted in the above captioned action (the "Action"); and (ii) authorize distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted.

## PROCEDURAL BACKGROUND

On January 6, 2022, the Court entered the Judgment Approving Class Action Settlement ("Final Approval Order") granting final approval to the $2,000,000 cash settlement between Lead Plaintiff, on behalf of the Class, and Defendants, under the

---

[1] All capitalized terms that are not otherwise defined herein have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated February 8, 2021 ("Stipulation"). ECF No. 42-1.

1

terms set forth in the Stipulation, and dismissing the above-captioned action (the "Action") with prejudice. ECF No. 56.

As described in the Craig Declaration, SCS, under Lead Counsel's supervision, provided the requisite notice of the pendency and Settlement of the Action to potential Class Members, processed the Proof of Claim forms, calculated Recognized Loss amounts, and performed related work consistent with the Stipulation, and the Final Approval Order. *See generally* Craig Declaration. SCS has completed the processing of Claims, including Claims submitted after the December 7, 2021, Claims-submission deadline. As a result, Lead Counsel and the Claims Administrator are now prepared to distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.

## I. DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Order Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 48), all Class Members wishing to obtain their *pro rata* share of the Net Settlement Fund were required to timely submit a completed Proof of Claim form with supporting documentation to SCS, postmarked or received on or before the submission deadline of December 7, 2021. *See, e.g.,* Preliminary Approval Order at ¶19.

To avoid undue repetition, Lead Counsel respectfully refers the Court to the Craig Declaration filed herewith for a detailed description of the factual and

procedural background of the claims review and administration process. Briefly, SCS mailed or emailed 2,236 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list and mailed 8,853 Postcard Notices to potential Settlement Class Members or nominees. Craig Decl. ¶3. SCS caused the Summary Notice to be published over *Globe Newswire and Investor's Business Daily* and maintains a toll-free telephone number for Settlement Class Members to call about the Settlement and/or request a Long Notice and Claim Form. *Id*. ¶¶3-4.

SCS received and processed 1,781 Claim Forms ("Claims"). *Id*. ¶6. SCS reviewed all Claim Forms and supporting documentation to determine, among other things, whether each claimant had purchased or acquired American Depositary Receipts ("ADRs") of Indivior PLC ("Indivior") during the Class Period and whether the claimant was in fact a Class Member or whether the claimant was an excluded person or a Class member who had requested exclusion. *Id*. ¶7. As detailed in the accompanying declaration, SCS received and reviewed all Claims submitted by potential Class Members. SCS prepared exhibits detailing: (i) all timely, properly documented Claims (Craig Decl. ¶7(a), Ex. B); (ii) all inadequately documented claims (Craig Decl. ¶7(b), Ex. D); and (iii) all rejected Claims that were deemed ineligible through SCS's deficiency process (Craig Decl. ¶7(c), Ex. E).

### A.    Valid and Properly-Documented Claims

SCS has identified 124 properly documented valid claims. These valid claims were calculated in the manner set forth in the Court-approved Proposed Plan of Allocation of the Net Settlement Fund ("Plan of Allocation") included in the Notice. Exhibit B to the Craig Declaration lists the 124 properly documented and timely submitted claims. Therefore, Lead Plaintiff respectfully requests that the Court approve SCS's recommendation to include these 124 valid claims in the Settlement distribution.

## B.    Deficient and Ineligible Claims

### 1. Inadequately Documented Claims

SCS initially identified 21 inadequately documented claims. Craig Declaration ¶7(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id*., Exhibit C. Of the 21 claims initially identified as deficient, 6 have been successfully cured and are now considered valid. *Id*. The remaining 15 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation and were sent a rejection notice explaining the reason(s) for their inadequacy. *Id*. None of the 15 rejected claimants have objected to or contested SCS's determination. *Id*., Exhibit D.

### 2. Claims Rejected for Reasons Other than Inadequate Documentation

4

SCS has identified 1,642 claims that it recommends for complete rejection. Craig Declaration ¶7(c), Exhibit E. The reasons for rejection included: : (i) claims with American Depositary Receipts ("ADRs") of Indivior PLC ("Indivior") purchased outside of the Settlement Class Period; (ii) claims with Indivior ADRs not purchased on a domestic exchange or a domestic transaction in the United States; (iii) ADRs of Indivior that were not purchased or otherwise acquired, but were received or granted by gift, inheritance, or operation of law; (iv) claims with no Recognized Losses; (v) claims with ADRs sold short; and (vi) duplicate claims. Id. Such claimants were sent rejection notices advising them of SCS's determination. *Id.*, Exhibit F. To date, none of these ineligible claimants has contested their determination.

**C.    Claims Received After June 16, 2022 Should be Rejected as Untimely**

There must be a final cut-off date after which no more Claims may be accepted so that there may be a proportional distribution of the Net Settlement Fund without further delay and expense for the Class. Craig Decl. ¶8; *see In re Citigroup Inc. Sec. Litig.*, No. 07-CV-9901 SHS, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated.'"); *Hartman v. Powell*, No. 00-5356, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action.").

5

Accordingly, Lead Plaintiff respectfully requests that the Court reject as untimely any claims received after June 13, 2022, and any responses to deficiency and/or rejection notices received after June 30, 2022. *See* Craig Decl. ¶8.

## II.   PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶7.1 of the Stipulation, "Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants." Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 124 claims have been accepted as set forth in Exhibit B of the Craig Declaration, in proportion to their Recognized Losses as shown therein.

According to the Stipulation, "If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who

6

receive at least a $10.00 payment; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian not-for-profit organization chosen by Lead Counsel." Stipulation ¶7.7.

## III.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: March 21, 2023

Respectfully Submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Laurence M. Rosen*
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

and

Daniel Tyre-Karp (pro hac vice)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: dtyrekarp@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Laurence Rosen*
Laurence Rosen